OPINION OF THE COURT
Jones, J.
Although the Workers’ Compensation Board has primary jurisdiction to determine the applicability of the Workers’ Compensation Law when an employee brings an action against one who may be his employer, in the unusual circumstances of this case it was an abuse of discretion on the part of the trial court to grant the employer a stay of the trial of the common-law action brought on behalf of the employees pending reference of their claims to the Workers’ Compensation Board.
Appellants’ decedents, William H. Shine, Jr., and Charles W. Rittenhouse, Jr., suffered fatal injuries in an explosion and fire which occurred on April 28, 1976 at a gasoline terminal in Setauket, Long Island, while gasoline was being transferred to a tanker-trailer. Rittenhouse died May 6 and Shine, May 7, 1976.
Claims were submitted by appellants administratrices under the Workers’ Compensation Law on the theory that at the time of the explosion the decedents were employees of Five Boro Fuel Transport, Inc. The Workers’ Compensation Board determined that both decedents were employees of Five Boro and made awards with respect to both dece *26 dents, as to Rittenhouse on December 29, 1976 and as to Shine on July 5, 1977. Based on the determinations of the Workers’ Compensation Board the court dismissed the present common-law action as to Five Boro by order dated November 14, 1978.
In July, 1981, on the morning when jury selection was to begin in this action, Duncan Petroleum Transport, Inc., another defendant, moved for a stay of all judicial proceedings pending a determination by the Workers’ Compensation Board whether the decedents were also employees of Duncan as it asserted, in which event the Workers’ Compensation Law would likewise constitute a bar to the common-law action against Duncan. By order dated September 3, 1981 Special Term granted the motion for a stay pending determination by the Workers’ Compensation Board. The Appellate Division affirmed, without opinion. We now reverse, holding that in the circumstances disclosed in this record it was an abuse of discretion to have granted the stay.
In an affidavit submitted in support of the motion for a stay it was asserted categorically that at the time of the explosion there were two corporations, Duncan and Five Boro, “whose stockholders were identical, whose management was identical, and whose offices were identical”. In his affidavit, also submitted in support of the application, Wesley Charles Wright stated that he was president of both corporations, that “for all intents and purposes the firms were considered a single entity”, and that the decedents were “considered employees of both corporations, or perhaps more correctly, the corporations were considered a single entity that employed all of the involved employees”. Wright had been examined before trial in the present action on October 13, 1978 and then raised no question as to the bar of workers’ compensation; indeed he testified at that time that neither of the decedents was an employee of Duncan.
We held in O’Rourke v Long (41 NY2d 219), as acknowledged by both courts below, that the Workers’ Compensation Board, as the administrative agency to which the Legislature had entrusted the responsibility, has primary jurisdiction to determine the applicability of the Workers’ *27 Compensation Law. Thereafter, we recognized in Murray v City of New York (43 NY2d 400, 407) that, while the defense of workers’ compensation could be waived, leave to amend pleadings to include such defense should be freely granted, even in midtrial, in the absence of operative prejudice (id., at p 405). In the present instance, however, we conclude that it was an abuse of discretion to grant the stay of the common-law proceedings pending referral to and determination by the Workers’ Compensation Board of the claims arising out of the event of which this common-law action is grounded/ *
In this case, by its own admission, the officers and management of Duncan were the same as those of Five Boro; indeed it is unqualifiedly asserted that the two corporations constituted a single entity. Duncan’s alter ego-in-form participated in the workers’ compensation proceedings in 1976 and 1977 in which the employment status of the decedents was at issue. Thereafter Duncan was served with the original complaint in the present action in March, 1977 and with the amended complaint a year later, to which latter it served an answer in May, 1979. For it, having been fully acquainted with the factual and legal aspects of each of the two claims arising out of the explosion of April, 1976, to have waited more than two years longer and until the jury was about to be drawn in the common-law action to seek a stay and then for the first time to assert the primary jurisdiction of the Workers’ Compensation Board is unacceptable. Appellants, having prepared and being ready to proceed promptly to trial of the common-law action, suffered the “operative prejudice” to which we referred in the context of a motion to amend *28 the pleadings in Murray v City of New York (43 NY2d 400, 405, supra). In these circumstances it was an abuse of discretion for the trial court to have granted the stay of proceedings.
Accordingly, the order of the Appellate Division should be reversed, with costs, the motion for a stay denied, and the. case remitted to Supreme Court for trial.

 There is a distinction between a motion to amend the pleadings to raise the defense of workers’ compensation and a motion to stay a trial pending determination of the availability of that defense by the Workers’ Compensation Board. In the former case, if the motion to amend is granted, trial of the common-law action may proceed in normal course and the availability of the bar of workers’ compensation will be decided in that action (as was the case in Murray v City of New York 43 NY2d 400); not having sought a stay of the common-law action in addition to an amendment of the pleadings the asserting employer may be held to have waived its right to urge the primary jurisdiction of the Workers’ Compensation Board. In the latter case, if the motion for a stay is granted on the ground of primary jurisdiction, trial of the common-law action must be interrupted and postponed.