Ruth A. Levine, Formerly Known as Ruth A. Greenberg, Respondent, v State of New York, Appellant. (Claim No. 63698.)

Third Department, January 3, 1985

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Peter J. Dooley* and *William J. Kogan* of counsel), for appellant.

*Noel Tepper* for respondent.

**OPINION OF THE COURT**

Yesawich, Jr., J.

Claimant was awarded judgment against the State for its negligent failure to protect her from a brutal physical assault and rape committed by a resident of the Highland State Training School. Earlier, the Workers' Compensation Board had determined that she was entitled to workers' compensation benefits for the injuries she had suffered in the incident. Throughout both the compensation proceeding and this litigation against the State, claimant maintained that at the time of the rape she was a CETA* employee who was hired and paid by Ulster County.

---

* CETA refers to employment financed through the Federal Comprehensive Employment Training Act (US Code, tit 29, § 801 *et seq.*, repealed 96 US Stat 1357).

On this appeal, the State, for the very first time, asserts that claimant, as a matter of law, was its special employee while at the Highland facility and that receipt by her of workers' compensation benefits bars this action against her employer, the State. It is argued that the exclusivity of workers' compensation as a remedy ousts the Court of Claims of jurisdiction to hear her claim and renders its decision void.

We affirm. *Murray v City of New York* (43 NY2d 400) recognizes that the defense of workers' compensation can be waived and that this is accomplished where the defendant ignores the issue "to the point of final disposition itself" (*id.,* at p 407) or where the plaintiff will suffer "operative prejudice" if the issue is permitted to be advanced (*Shine v Duncan Petroleum Transp.,* 60 NY2d 22, 27-28). Although the State now raises the matter of compensation defense exclusivity and has done so before completing the appellate process, its inordinate and inexcusable delay in giving utterance to this jurisdictionally critical issue makes a waiver unavoidable. In this respect, *Shine* (*supra*) is apposite. There, the Workers' Compensation Board concluded that decedents were employees of Five Boro Fuel Transport, Inc., and awarded benefits to their estates. On the morning the trial was to commence, Duncan Petroleum Transport, Inc., another defendant, declared for the first time that it was the alter ego of Five Boro and, hence, was decedents' employer, and on that basis secured a stay of a pending common-law suit until a decision by the Workers' Compensation Board as to decedents' employment relationship with Duncan Petroleum was forthcoming. In reversing and denying the stay, the Court of Appeals stated that: "having been fully acquainted with the factual and legal aspects of each of the two claims arising out of the explosion of April, 1976, [for Duncan Petroleum] to have waited more than two years longer and until the jury was about to be drawn in the common-law action to seek a stay and then for the first time to assert the primary jurisdiction of the Workers' Compensation Board is unacceptable" (*id.,* at p 27).

The case at hand presents even more compelling reasons for finding the State's argument objectionable. During the four years this claim was being processed, including a bifurcated trial, the State disregarded totally the issue of exclusivity. Significantly, neither in the pleadings nor elsewhere in the record is it suggested that the State was claimant's employer or that she was both an employee of Ulster County and the State's own "special employee". Finally, if, as observed in *Shine,* being prepared and ready to proceed promptly to trial of the common-law action equates to "operative prejudice" (*id.*), claimant's

prejudice is far more substantial, for the trial of her common-law action has already been concluded.

KANE, J. P., MAIN, WEISS and MIKOLL, JJ., concur.

Judgment affirmed, without costs.