FIRST DEPARTMENT, SEPTEMBER, 1989

(September 7, 1989)

■ JOSE F. TRUJILLO, Respondent, v RIVERBAY CORPORATION, Appellant and Third-Party Plaintiff-Respondent. ISS PRUDEN-TIAL MAINTENANCE SERVICES NEW YORK, Third-Party Defendant-Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 28, 1988, which denied the motion and cross motion of the defendant and the third-party defendant, respectively, for summary judgment dismissing all claims and cross claims in this action, unanimously reversed,

---

* Not published with other decisions of June 1989.

on the law, the motions granted, and the complaint and third-party complaint dismissed, without costs.

Plaintiff was a porter employed by third-party defendant ISS Prudential to perform maintenance services at Co-op City, owned by defendant Riverbay Corporation. On December 8, 1983, defendant was assigned, together with approximately 10 co-workers, to sweep accumulated water off the roof of building 15 at Co-op City and into the drains of the building, a task which plaintiff performed regularly. It was a very cold day and the water on the roof was frozen solid. Accordingly, the work could not be done and the workers' supervisor returned to the office to obtain further instructions, while the workers returned to the stairwell inside the building and waited there. When the supervisor returned several minutes later, he instructed the men to return to their previously assigned posts. As plaintiff walked down the stairs, he slipped on a small patch of water or ice and fell down the stairs, injuring his back.

Plaintiff commenced this action against Riverbay, the owner of the premises, asserting that it was negligent in allowing the stairway to become hazardous and slippery. Riverbay commenced a third-party action for contribution against ISS Prudential, plaintiff's employer.

A building owner cannot be liable for injuries caused to a person as a result of a defective condition on the premises unless it can be shown that the owner created the condition or that it had actual or constructive notice of the condition for such a reasonable period of time that in the exercise of reasonable care, the owner should have corrected it. (E.g., *Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692; *see also, Putnam v Stout*, 38 NY2d 607; *Fischer v Battery Bldg. Maintenance Co.*, 135 AD2d 378.)

In opposition to the defendant's motion for summary judgment based on a claim that defendant did not create the condition and had no notice of it, it was incumbent on plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact on these points. Here, plaintiff did not present any such proof.

There is nothing in the record to indicate what created the allegedly wet or icy condition or when or how the water came into the stairway. In denying summary judgment, the IAS court found that a jury question was presented as to whether the stairway was "inherently dangerous". However, plaintiff presented no evidence concerning any alleged inherently dan-

gerous condition, and it was improper for the IAS court to deny summary judgment on this basis.

Similarly, plaintiff presented no proof to raise a triable issue of fact as to whether defendant had notice of the condition. There is certainly no evidence that defendant had actual notice. Plaintiff himself admitted in his deposition that when he climbed these stairs on the way up to the roof, he did not notice any water or ice on the stairs. As to constructive notice, plaintiff offered no facts which would give rise to constructive notice on the part of the defendant, nor was there any indication of the length of time that the slippery condition existed so as to raise any issue of fact as to whether defendant would have the opportunity to remedy the condition, even if it could be deemed that it had constructive notice. *(See, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670; *Boccaccino v Our Lady of Pity R. C. Church,* 18 AD2d 1055.)

Accordingly, as a matter of law plaintiff has not demonstrated any issues of fact that can establish a prima facie case of negligence against the defendant. Therefore, the order is reversed and summary judgment granted to the defendant Riverbay.

Since we dismiss the plaintiff's complaint against Riverbay the third-party complaint for contribution should also be dismissed. Concur—Murphy, P. J., Kupferman, Ross, Asch and Ellerin, JJ.