■ George Parsons et al., Respondents, v City of New York, Defendant, and 353-365 Housing Development Fund Company, Inc., et al., Appellants and Third-Party Plaintiffs-

Appellants, et al., Third-Party Defendants. [599 NYS2d 594] — Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered April 23, 1992, after a jury trial, in favor of the plaintiffs in the total amount of $111,431.60, unanimously reversed, on the law, without costs, and the matter is remanded for a new trial on liability only, solely on the issue of "construction and installation"; in the event of a verdict in favor of the plaintiffs on the retrial of liability, the principal damages shall be reduced by $29,730 to $80,270, consistent herewith.

Plaintiff George Parsons, a Con Edison employee, alleged that he was injured when the cover of a sump well he stepped on gave way causing him to fall four feet into the well. The sump well was located in the basement of premises owned by the defendant-appellant 353-365 Housing Development Fund Company and maintained by defendant-appellant Urban Home Management Corp.

This action was initially tried in May and June of 1991 and resulted in a jury verdict in favor of the defendants. This Court subsequently reversed the judgment entered August 6, 1990 (Edward Lehner, J.), on the law, and ordered a new trial on the issue of " 'construction and installation' " of the sump well cover (175 AD2d 783). The reversal was based on the finding that defendants' violation of CPLR 3101 regarding expert disclosure coupled with erroneous evidentiary rulings allowed defendants to confuse the issue of liability as presented to the jury. Specifically, this Court found that, by precluding plaintiffs from introducing any evidence of the defendants' ownership at the time of the alleged negligent installation of the sump well cover, and then limiting the jury to find for the plaintiffs only as to the issue of negligent maintenance, the trial court permitted the defendants to present a one-sided version of their own theory of negligence and unreasonably restricted the authority of the jury (175 AD2d 783, 785, *supra*).

Prior to the trial, which resulted in the judgment appealed herein, plaintiffs, based upon negotiations and for trial strategy purposes, discontinued without prejudice their action against the third-party defendant independent contractor who installed the sump well cover. At the trial plaintiffs' expert testified that defective welds prevented proper installation of the sump well cover and that this in turn caused the failure of the "lips" holding the sump well cover in place. The failure of the "lips" resulted in the collapse of the cover. The trial court

properly instructed the jury that, the issue before it related "solely to the construction and installation of the trap pit frame when and how it was installed"; and that "the only basis for recovery possible is an installation, which was defective and was done in connection with the rehab done by the defendants". However, the trial court improperly instructed the jury that the defendants were, solely by virtue of their ownership of the property, vicariously liable for the acts of the third-party defendant independent contractor hired to install the sump well cover.

"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts." (*Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668.) The recognized exceptions to this rule involve situations where the employer (1) is under a statutory duty to perform or control the work, (2) has assumed a specific duty by contract, (3) is under a duty to keep the premises safe, or (4) has assigned work to an independent contractor which the employer knows or has reason to know involves special dangers inherent in the work or dangers which should have been anticipated by the employer (*supra,* at 668). Absent one of these exceptions the applicable rule is that "[a] building owner cannot be liable for injuries caused to a person as a result of a defective condition on the premises unless it can be shown that the owner created the condition or that it had actual or constructive notice of the condition for such a reasonable period of time that in the exercise of reasonable care, the owner should have corrected it." (*Trujillo v Riverbay Corp.,* 153 AD2d 793, 794.)

*Thomassen v J & K Diner* (152 AD2d 421, *appeal dismissed* 76 NY2d 771), relied upon by the trial court to support its charge concerning the vicarious liability of the defendants for the negligent installation of the sump well cover, is distinguishable. There the defendant property owners operated a restaurant and invited the general public into the premises where the negligent work, which caused the plaintiff's injuries, was performed. The duty imposed upon owners of premises who invite the general public into their places of business is well settled and was clearly present in that case (*see, Gallagher v St. Raymond's R. C. Church,* 21 NY2d 554, 557).

Here the plaintiff's injury occurred in an area of the building closed to the general public. Given the determination at the first trial, that defendants were not negligent in the maintenance or repair of the sump well cover, and the previous direction of this Court, that the second trial be on the

issue of " 'construction and installation' " (175 AD2d 783, *supra)*, the trial court properly declined to charge the jury regarding Multiple Dwelling Law §§ 77 and 78, as those sections relate to maintenance and repair as opposed to installation and construction. Consequently, no exception to the general rule exempting employers from liability for the negligent acts of their independent contractors applies in this case.

Therefore, the instruction, which allowed the jury to find the defendants vicariously liable for the negligent installation and/or construction of the sump well cover by their independent contractor without a finding of actual or constructive notice, was erroneous as a matter of law. The jury should have been instructed that the defendants could not be held liable for the defective installation and construction of the sump well cover, absent actual or constructive notice in accordance with the rule stated in *Trujillo v Riverbay Corp. (supra)*. While defendants maintain that they have shown that they did not have actual or constructive notice of the defective welds in the sump cover, the determination of whether they did or did not is a matter within the province of the jury.

The trial court also improperly refused to adjust the initial jury verdict on damages. The jury initially returned a verdict on the issue of plaintiff George Parsons' past lost earnings in the amount of $50,000 in contravention of the trial court's specific instruction that the total amount of past earnings lost by Mr. Parsons was agreed to be $20,270. The trial court improperly returned the issue of damages to the jury for a second deliberation. The jury thereafter returned a verdict in which it awarded the maximum allowable for past lost earnings but added the amount subtracted from the original past lost earnings award to the award for pain and suffering. This was not a case where the jury verdict was ambiguous, equivocal or inconsistent, and therefore there was no basis for resubmitting the issue of damages to the jury *(see, Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 969). The trial court should have reduced the original award amount to $20,270, for past lost earnings *(see, Harrison v Dombrowski,* 175 AD2d 37). We have reviewed the other issues raised by the parties and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.