■ STEPHEN HARBAS, Appellant, v ABBY GILMORE et al., Respondents. [625 NYS2d 214] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about June 9, 1994, which denied plaintiff's motion to resettle an order entered October 21, 1992, unanimously affirmed, without costs.

An appeal from part of an order constitutes a waiver of the right to appeal from other parts of that order *(Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). "[O]nce the appellate process has been concluded, alleged errors of law which could have been reviewed but were not, may not be

addressed except insofar as the grounds for relief set forth in CPLR 5015 are present, or there has been some other compelling circumstance justifying a court's resort to its inherent power * * * 'A court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party "from judgments taken through [fraud,] 'mistake, inadvertence, surprise or excusable neglect' " ' ". *(Pjetri v New York City Health & Hosps. Corp.,* 169 AD2d 100, 103-104, *lv dismissed* 79 NY2d 915.) In this case, plaintiff's claim that the "with prejudice" language should not have been included in the 1992 order offered for settlement is a matter which could have been raised on the prior appeal (193 AD2d 553). Once the appeal was decided, the order became final. Plaintiff's assertion that defendants wrongfully inserted the "with prejudice" language into the order proposed for settlement does not constitute "misconduct" or otherwise fall within the parameters for relief stated in CPLR 5015. In this posture, the IAS Court properly concluded it was without authority to resettle or amend the order as to such matter of substance *(Matter of City of New York [Washington St. Urban Renewal Project],* 33 NY2d 970; *Pjetri v New York City Health & Hosps. Corp., supra; Dependable Printed Circuit Corp. v Mnemotron Corp.,* 22 AD2d 911). Concur—Murphy, P. J., Rosenberger, Kupferman, Nardelli and Mazzarelli, JJ.