■ FREDERICK POLIPO, Respondent-Appellant, v EDITH SANDERS et al., Appellants-Respondents, et al., Defendant. (And a Third-Party Action.) [642 NYS2d 302] —Judgment, Supreme Court, Bronx County (Bernard Burstein, J.), entered on or about April 24, 1995, which, following a jury trial, directed

that defendants pay plaintiff the sum of $1,071,202 plus interest, costs and disbursements, and order, same court and Justice, entered July 10, 1995, which denied defendants' motion to amend the judgment entered on or about April 24, 1995, unanimously reversed, on the law, the complaint dismissed, and the motion to amend dismissed as academic in view of the foregoing, without costs.

The jury's verdict as to liability is not supported by sufficient evidence as a matter of law inasmuch as there is no reasonable view of the evidence upon which the landlord-defendants could be held responsible for plaintiff's injuries (*Cohen v Hallmark Cards*, 45 NY2d 493, 498-499; *Mirand v City of New York*, 84 NY2d 44, 48-49; *Campbell v City of Elmira*, 84 NY2d 505, 509-510).

Plaintiff was injured when he slipped and fell in his bathroom as a result of renovations, aesthetic in nature, negligently performed by the defendant plumber. The record is unclear as to who engaged the plumber to perform the renovations and whether the landlord-defendants authorized or even knew of the renovations. Just prior to commencing the bathroom renovation job, the plumber, with the landlord-defendants' authorization, had been paid to repair a leak elsewhere in plaintiff's apartment.

The trial court erred by not submitting to the jury the question of whether the plumber was an independent contractor (*Malamood v Kiamesha Concord*, 210 AD2d 26; *Lazo v Mak's Trading Co.*, 199 AD2d 165, 166, *affd* 84 NY2d 896); however, the record clearly indicates that he was. Therefore, he is deemed not to have been under the control of the landlord-defendants, and they are not liable for his negligent acts (*Kleeman v Rheingold*, 81 NY2d 270, 273-274; *Chainani v Board of Educ.*, 87 NY2d 370). Nor do any of the theories which would impose vicarious liability on the landlord avail plaintiff here (*see, Kleeman v Rheingold, supra; Chainani v Board of Educ., supra*).

Moreover, a landlord " 'cannot be liable for injuries caused to a person as a result of a defective condition on the premises unless it can be shown that the owner created the condition or that it had actual or constructive notice of the condition for such a reasonable period of time that in the exercise of reasonable care, the owner should have corrected it' " (*Parsons v City of New York*, 195 AD2d 282, 284, quoting *Trujillo v Riverbay Corp.*, 153 AD2d 793, 794). Here, the landlord-defendants did not create the condition at issue nor, under the circumstances, could they have been on such notice as this rule requires.

It should also be noted, although not preserved by appropriate objection, that the trial court erred further by instructing the jury that the landlord-defendants had a nondelegable duty to maintain the bathroom plumbing fixtures in good repair; this instruction was not warranted by the record which indicated that the renovation performed by the plumber was entirely optional, not necessitated by damage or defect, and not required by any statute, contract or the parties' lease. We view this inapplicable charge as fundamental error subject to our review in the interest of justice (*Abreu v Ferrer*, 198 AD2d 150, 152; *Raber Co. v 130 Lafayette St. Corp.*, 101 AD2d 794, 795). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.