■ BERNICE ROTH et al., Respondents, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Appellants, et al., Defendant. [657 NYS2d 1012] —In an action to recover damages for medical malpractice, etc., the defendants South Nassau Communities Hospital, Mihai Dimancescu, and Harvey Orlin appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated August 2, 1995, which, *inter alia,* denied their respective motions to dismiss the complaint insofar as asserted against each of them.

■ BERNICE ROTH et al., Respondents, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Defendants, and ALBA HORNING, Appellant. [657 NYS2d 91] —In an action to recover damages for medical malpractice, etc., the defendant Alba Horning appeals from an order of the Supreme Court, Nassau County (Segal, J.), entered October 31, 1995, which denied her motion to dismiss the complaint insofar as asserted against her and granted the plaintiffs' cross motion to resettle a judgment of

the same court entered May 31, 1995, dismissing the complaint as against the appellant by deleting the words "with prejudice".

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the plaintiffs' cross motion is denied, the complaint is dismissed insofar as asserted against the appellant, and the judgment entered May 31, 1995, is reinstated.

Following a hearing on the issue of personal service, the complaint was dismissed insofar as asserted against the defendant Alba Horning (hereinafter the appellant). A judgment entered May 31, 1995, dismissed the complaint insofar as asserted against the appellant "with prejudice". The plaintiffs did not appeal from the judgment and instead re-served the complaint on the appellant. Subsequently, the court denied the appellant's motion to dismiss the re-served complaint insofar as asserted against her and granted the plaintiffs' cross motion to resettle the judgment entered May 31, 1995, by deleting the words "with prejudice".

The court was without authority to resettle the judgment by deleting the words "with prejudice" since that revision changed the judgment "in a matter of substance" (*Dependable Printed Circuit Corp. v Mnemotron Corp.*, 22 AD2d 911; *see also, Matter of City of New York [Washington St. Urban Renewal Project— Roteeco Corp.]*, 33 NY2d 970; *Harbas v Gilmore*, 214 AD2d 440). We therefore reverse the order entered October 31, 1995, deny the plaintiffs' cross motion to resettle the judgment entered May 31, 1995, grant the appellant's motion to dismiss the re-served complaint, and reinstate the judgment entered May 31, 1995. Bracken, J. P., Joy, McGinity and Luciano, JJ., concur.