■ FRANK MIRAGLIA, Respondent, v H & L HOLDING CORP., Defendant and Third-Party Plaintiff. LANE & SONS CONSTRUCTION CORP., Third-Party Defendant-Appellant. [828 NYS2d 329]—

Judgment, Supreme Court, Bronx County (George D. Salerno, J.), entered May 4, 2005, upon a jury verdict awarding plaintiff, inter alia, $5 million for past pain and suffering, $10 million for future pain and suffering over 35 years, and $8,295,000 for future medical expenses, unanimously modified, on the law, to reduce the award for future medical expenses to $8,056,222, and, on the facts, to vacate the award for future pain and suffering and order a new trial solely as to such damages, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept a reduced award for future pain and suffering in the amount of $5,000,000 and to entry of an amended judgment in accordance therewith.

This Court's affirmance of an order denying plaintiff's motion for partial summary judgment did not preclude the trial court from directing a verdict in plaintiff's favor (*see Sorrentino v Ronbet Co.*, 244 AD2d 262 [1997]). Plaintiff's employer's trial testimony that workers were permitted to walk on planks across

a trench at the work site, provided they doubled the planks, negated the defense that plaintiff was a recalcitrant worker for walking on a plank rather than using a ladder to cross the trench (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Hagins v State of New York*, 81 NY2d 921, 922-923 [1993]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]). In addition, plaintiff's expert offered unchallenged testimony that even doubled-up planking would not have provided adequate protection because the planks were unsecured and subject to movement. Since the planking was insufficient to protect plaintiff from the elevation-related hazard that caused his harm, liability pursuant to Labor Law § 240 (1) was established; plaintiff was not, under any view of the evidence, the sole proximate cause of his injuries (*see Osario v BRF Constr. Corp.*, 23 AD3d 202 [2005]; *Lajqi v New York City Tr. Auth.*, 23 AD3d 159 [2005]; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). At most, plaintiff's failure to double the planks would constitute negligence. However, the doctrine of comparative negligence is not available to diminish a defendant's liability under Labor Law § 240 (1) (*see e.g. Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 49 [2005]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [2002]).

The 45-year-old plaintiff was impaled by a steel bar from the scrotum to L2 on his spinal cord, resulting in paraplegia and associated complications. However, the seriousness of the injuries notwithstanding, the award for future pain and suffering deviates materially from what is reasonable compensation to the extent indicated (*see Ruby v Budget Rent A Car Corp.*, 23 AD3d 257 [2005], *lv denied* 6 NY3d 712 [2006]).

The award for future medical expenses improperly included an amount for lost earnings which was the subject of a separate award. Accordingly, the award for future medical expenses is reduced to the maximum amount supported by the evidence.

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.