■ FRANK MIRAGLIA, Respondent-Appellant, v H & L HOLDING CORP., Defendant and Third-Party Plaintiff. LANE & SONS CONSTRUCTION CORP., Third-Party Defendant-Appellant-Respondent. [873 NYS2d 633]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered October 9, 2007, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion for an amended judgment providing recovery by plaintiff only from defendant, and amended judgment, same court and Justice, entered October 29, 2007, awarding plaintiff damages against both defendant and third-party defendant in the principal amount of $18,097,112.15, unanimously affirmed, without costs.

Plaintiff was employed by third-party defendant contractor. As noted on prior appeals (306 AD2d 58 [2003]; 36 AD3d 456 [2007], lv denied 10 NY3d 703 [2008]), he was working on a residential structure on land owned by defendant when he fell from planks used to span a trench and provide access to foundation walls, and was impaled by a steel bar from the scrotum to L2 on his spinal cord, resulting in paraplegia and associated complications. In a separate action, plaintiff recovered over $6 million from defendant's insurer, with defendant retaining the right to contractual indemnification.

After the 2007 appeal, third-party defendant asserted for the first time that since it was plaintiff's employer, the court could not enter a judgment in which plaintiff was granted a right to recover directly against it because the worker's compensation paid to plaintiff was his exclusive remedy. The first judgment, affirmed in the 2007 appeal except for future pain and suffering damages (for which plaintiff stipulated to a reduction), also provided plaintiff with a direct recovery against third-party defendant, which failed to raise any objection based on worker's compensation exclusivity at that time.

A defense of worker's compensation exclusivity is waived if the employer ignores the issue "to the point of final disposition itself" (Murray v City of New York, 43 NY2d 400, 407 [1977]), especially where belated assertion of the defense will prejudice

the party opposing the assertion (*see Shine v Duncan Petroleum Transp.*, 60 NY2d 22, 27-28 [1983]). Here, not only did third-party defendant fail to raise this objection to the judgment on the 2007 appeal (*see Harbas v Gilmore*, 214 AD2d 440 [1995], *lv dismissed* 87 NY2d 861 [1995]), but it assumed defense of the direct defendant at trial, after the latter had successfully moved in limine for contractual indemnification while instructing its accountant—unbeknownst to plaintiff—to file for dissolution. Plaintiff was thus denied the opportunity to object to third-party defendant's representation of the direct defendant while reserving its worker's compensation exclusivity defense, or to otherwise protect his position. This is unacceptable. Worker's compensation exclusivity is important as a matter of state public policy, but so is the finality of the result when a party charts its own course.

It does not avail third-party defendant to assert that it could not have waived this argument because it goes to jurisdiction. While lack of subject matter jurisdiction can be raised at any time, it is still within a New York court's power "to entertain the case before it" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *see also Matter of Rougeron*, 17 NY2d 264, 271 [1966], *cert denied* 385 US 899 [1966]). Here, third-party defendant is not arguing that Supreme Court "never had power to hear a particular type of proceeding in the first place" (*see Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [2006], *appeal dismissed* 8 NY3d 837 [2007]). Waiver of an argument will be recognized where, as here, "the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case" (*see Rougeron*, 17 NY2d at 271). Nor is third-party defendant persuasive in arguing—for the first time on appeal—that Supreme Court lacked personal jurisdiction over it. Supreme Court has always had the power to render an adjudication over third-party defendant (*see Security Pac. Natl. Bank*, 31 AD3d at 280), which surely would not have assumed the defense of the direct defendant at trial if it believed the court lacked personal jurisdiction over it.

Because we are not granting relief to third-party defendant on the main appeal, we need not address any of the arguments with respect to plaintiff's conditional cross appeal. Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ. [*See* 17 Misc 3d 852.]