(November 17, 2009)

■ FRANK MIRAGLIA, Respondent-Appellant, v H & L HOLDING CORP., Defendant and Third-Party Plaintiff. LANE & SONS CONSTRUCTION CORP., Third-Party Defendant-Appellant-Respondent. [892 NYS2d 2]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered October 9, 2007, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion for an amended judgment providing recovery by plaintiff only from defendant, and amended judgment, same court and Justice, entered October 29, 2007, awarding plaintiff damages against both defendant and third-party defendant in the principal amount of $18,097,112.15, affirmed, without costs.

Plaintiff was employed by third-party defendant contractor. As noted on prior appeals (306 AD2d 58 [2003]; 36 AD3d 456 [2007], *lv denied* 10 NY3d 703 [2008]), he was working on a residential structure on land owned by defendant when he fell

from planks used to span a trench and provide access to foundation walls, and was impaled by a steel bar from the scrotum to L2 on his spinal cord, resulting in paraplegia and associated complications. In a separate action, plaintiff recovered over $6 million from defendant's insurer, with defendant retaining the right to contractual indemnification.

After the 2007 appeal, third-party defendant asserted for the first time that since it was plaintiff's employer, the court could not enter a judgment in which plaintiff was granted a right to recover directly against it because the workers' compensation paid to plaintiff was his exclusive remedy. The first judgment, affirmed in the 2007 appeal except for future pain and suffering damages (for which plaintiff stipulated to a reduction), also provided plaintiff with a direct recovery against third-party defendant, which failed to raise any objection based on workers' compensation exclusivity at that time.

A defense of workers' compensation exclusivity is waived if the employer ignores the issue "to the point of final disposition itself" (*Murray v City of New York*, 43 NY2d 400, 407 [1977]), especially where belated assertion of the defense will prejudice the party opposing the assertion (*see Shine v Duncan Petroleum Transp.*, 60 NY2d 22, 27-28 [1983]). Here, not only did third-party defendant fail to raise this objection to the judgment on the 2007 appeal (*see Harbas v Gilmore*, 214 AD2d 440 [1995], *lv dismissed* 87 NY2d 861 [1995]), but it assumed defense of the direct defendant at trial, after the latter had successfully moved in limine for contractual indemnification while instructing its accountant—unbeknownst to plaintiff—to file for dissolution. Plaintiff was thus denied the opportunity to object to third-party defendant's representation of the direct defendant while reserving its workers' compensation exclusivity defense, or to otherwise protect his position. This is unacceptable. Workers' compensation exclusivity is important as a matter of state public policy, but so is the finality of the result when a party charts its own course.

It does not avail third-party defendant to assert that it could not have waived this argument because it goes to jurisdiction. While lack of subject matter jurisdiction can be raised at any time, it is still within a New York court's power "to entertain the case before it" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *see also Matter of Rougeron*, 17 NY2d 264, 271 [1966], *cert denied* 385 US 899 [1966]). Here, third-party defendant is not arguing that Supreme Court "never had power to hear a particular type of proceeding in the first place" (*see Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [2006],

*appeal dismissed* 8 NY3d 837 [2007]). Waiver of an argument will be recognized where, as here, "the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case" (*see Rougeron*, 17 NY2d at 271). Nor is third-party defendant persuasive in arguing—for the first time on appeal—that Supreme Court lacked personal jurisdiction over it because plaintiff never named it as a direct defendant. Supreme Court has always had the power to render an adjudication over a third-party defendant (*see Security Pac. Natl. Bank*, 31 AD3d at 280), which surely would not have assumed the defense of the direct defendant at trial if it believed the court lacked personal jurisdiction over it. Moreover, by first actively participating in the litigation as if it were a direct defendant, and then by failing to raise the issue on appeal, third-party defendant waived its right to rely on *Klinger v Dudley* (41 NY2d 362 [1977]), in which the Court of Appeals held that a plaintiff may not recover directly from a third-party defendant over which it has no direct claim (*see Harbas v Gilmore, supra*, 214 AD2d 440 [1995]).

Because we are not granting relief to third-party defendant on the main appeal, we need not address any of the arguments with respect to plaintiff's conditional cross appeal. Concur—Gonzalez, P.J., Mazzarelli, Sweeny and DeGrasse, JJ.

McGuire, J., concurs in a separate memorandum as follows: Lane & Sons Construction Corp. seeks leave to reargue its appeal. Alternatively, it seeks leave to appeal to the Court of Appeals. While I agree with the majority that reargument should be granted and leave to appeal should be denied, a brief discussion of both motions is warranted.

Plaintiff was injured while working on a construction project on property owned by defendant H & L Holding Corp. (306 AD2d 58 [2003]). Plaintiff commenced a personal injury action against H & L, which subsequently impleaded Lane, plaintiff's employer. H & L was granted summary judgment on its claim for indemnification against Lane, and Lane assumed defense of the main action.

After a jury trial, H & L was found liable for plaintiff's injuries and plaintiff was awarded damages. The judgment, however, permitted plaintiff to recover the damages from H & L (the defendant in the main action) *and* Lane (the defendant in the third-party action). On defendant Lane's appeal from the judgment, we modified the judgment to the extent of, inter alia, setting aside the award for future pain and suffering unless plaintiff stipulated to reduce the award (36 AD3d 456 [2007], *lv*

*denied* 10 NY3d 703 [2008]). Lane did not argue on that appeal that it was not liable to plaintiff but only to H & L.

Plaintiff stipulated to reduce the awards and sought to settle the amended judgment. The proposed amended judgment, like the original judgment, allowed plaintiff to recover from both H & L and Lane. Lane objected to the proposed amended judgment and offered another amended judgment, one that permitted plaintiff to recover only from H & L. Lane then moved to amend the original judgment to reflect that plaintiff could only recover from H & L; plaintiff sought entry of the amended judgment that he had proposed. Supreme Court denied Lane's motion to amend the original judgment and signed plaintiff's proposed amended judgment.

We affirmed the order denying Lane's motion and permitting plaintiff to enter his amended judgment. We stated

"After the 2007 appeal, [Lane] asserted for the first time that since it was plaintiff's employer, the court could not enter a judgment in which plaintiff was granted a right to recover directly against it because the worker's compensation paid to plaintiff was his exclusive remedy. The first judgment, affirmed in the 2007 appeal except for future pain and suffering damages (for which plaintiff stipulated to a reduction), also provided plaintiff with a direct recovery against third-party defendant, which failed to raise any objection based on worker's compensation exclusivity at that time.

"A defense of worker's compensation exclusivity is waived if the employer ignores the issue to the point of final disposition itself, especially where belated assertion of the defense will prejudice the party opposing the assertion. Here, not only did [Lane] fail to raise this objection to the judgment on the 2007 appeal, but it assumed defense of [H & L] at trial, after the latter had successfully moved in limine for contractual indemnification while instructing its accountant—unbeknownst to plaintiff—to file for dissolution. Plaintiff was thus denied the opportunity to object to [Lane's] representation of [H & L] while reserving its worker's compensation exclusivity defense, or to otherwise protect his position. This is unacceptable. Worker's compensation exclusivity is important as a matter of state public policy, but so is the finality of the result when a party charts its own course.

"It does not avail [Lane] to assert that it could not have waived this argument because it goes to jurisdiction. While lack of subject matter jurisdiction can be raised at any time, it is still within a New York court's power to entertain the case before it. Here, [Lane] is not arguing that Supreme Court never had

power to hear a particular type of proceeding in the first place. Waiver of an argument will be recognized where, as here, the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case. Nor is [Lane] persuasive in arguing—for the first time on appeal—that Supreme Court lacked personal jurisdiction over it. Supreme Court has always had the power to render an adjudication over [Lane], which surely would not have assumed the defense of [H & L] at trial if it believed the court lacked personal jurisdiction over it" (60 AD3d 407, 407-408 [2009] [internal quotation marks and citations omitted]).

Lane now argues that we misapprehended the facts and the law in deciding its appeal because we focused on whether it had waived any argument that plaintiff could not recover against it because of the exclusivity provision of Workers' Compensation Law § 11. Lane asserts that its argument supporting amending the original judgment was that it could not be liable to plaintiff because it was never a defendant in the main action—Lane was impleaded by H & L and was only a third-party defendant. Because it was never a defendant in the main action, Lane argues that no judgment could be entered in plaintiff's favor against it, and that it is liable only to H & L for indemnification.

I agree with Lane that we misapprehended the material issue on its appeal from the order denying its motion to amend the original judgment and permitting plaintiff to enter his amended judgment. We did indeed focus on the issue of whether Lane waived the defense afforded by Workers' Compensation Law § 11. We should have focused instead on whether Lane, a third-party defendant, could be held directly liable to plaintiff despite the fact that Lane was never a defendant in the main action. Even assuming we were correct in stating that plaintiff was prejudiced by being denied the opportunity to object to Lane's representation of H & L, we missed the mark in discussing the point.

Lane's position finds support in *Klinger v Dudley* (41 NY2d 362 [1977]), where the Court of Appeals determined that the plaintiffs in the main actions could not recover from a third-party defendant against whom the plaintiffs did not assert any claims. The case before us is distinguishable from *Klinger*, however, because the third-party defendants in *Klinger* raised the argument that they were not liable to the plaintiffs on the appeals from the judgments. Here, Lane, on its appeal from the judgment, did not raise the argument that it is not liable to

plaintiff because plaintiff asserted no claims against it. Rather, Lane raised that argument for the first time on a motion to amend the judgment after this Court had remanded for merely a reduction in the award for future pain and suffering or a trial solely on the issue of future pain and suffering. Thus, the order denying Lane's motion to amend the original judgment should be affirmed on the ground that Lane waived that argument by not raising it on the appeal from the judgment.

Whether the rule in *Klinger* should be expanded to permit a third-party defendant to raise the argument at any time and whether the defense afforded by *Klinger* is one that cannot be waived are issues that the Court of Appeals can address if it wishes, as our order deciding this appeal is "final" under CPLR 5611 and thus the Court of Appeals can grant leave if it sees fit (*see* CPLR 5602 [a] [1] [i]).

Reargument granted and, upon reargument, the decision and order of this Court entered on March 3, 2009 (60 AD3d 407 [2009]) recalled and vacated and a new decision and order substituted therefor; leave to appeal to the Court of Appeals denied. **[Prior Case History: 17 Misc 3d 852.]**