■ GLORIA AGUILAR et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [916 NYS2d 589]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered August 6, 2009, upon a jury verdict awarding plaintiff Gloria Aguilar an aggregate amount of $8 million for past physical and mental pain and suffering over 3.7 years, an aggregate amount of $8 million for future physical and mental pain and suffering over 32.6 years, $9.5 million for future medical expenses, and awarding plaintiff Aristedes Aguilar $1 million for past loss of services and $1 million for future loss of services over 27.4 years, unanimously modified, on the law, to reduce the award for future medical expenses to $6,969,793.19, and, on the facts, to vacate the awards for past and future physical and mental pain and suffering and past loss of services and order a new trial solely as to such damages, unless plaintiffs, within 30 days of service of a copy of this order with notice of entry, stipulate to reduce the awards for past physical and mental pain and suffering to $5 million, for future physical and mental pain and suffering to $5 million, and for past loss of services to $500,000 and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff, a 45-year-old married mother of three, was hit by a bus, dragged along the street and remained under the bus for some time while rescuers attempted to free her. As a result of

the accident, her left leg was amputated above the knee and her right leg was rendered, essentially, useless. Plaintiff underwent 10 surgeries, had numerous setbacks and suffers from post-traumatic stress disorder and severe depression. She depends on others for the most basic of care, and because of complications from her prosthesis and residual pain from the accident, she has been unable to engage in relations with her husband. Given the extensive proof of plaintiff's psychological trauma, the trial court proposed a jury verdict sheet which included itemized damages for, inter alia, past and future mental and past and future physical, pain and suffering.

Because defendants failed to object to the errors in the verdict sheet, the charge became the law applicable to the determination of the case (*see Peguero v 601 Realty Corp.*, 58 AD3d 556, 559 [2009]), and this Court will only review if the error was "fundamental" (*Clark v Interlaken Owners*, 2 AD3d 338, 340 [2003]). The error here was not fundamental because it did not "confuse[ or] create[ ] doubt as to the principle of law to be applied" (*Aragon v A & L Refrig. Corp.*, 209 AD2d 268, 269 [1994] [internal quotation marks omitted]), or improperly shift fault (*see Polipo v Sanders*, 227 AD2d 256, 258 [1996], *lv denied* 88 NY2d 812 [1996]), such that the jury was "prevented from fairly considering the issues at trial" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 977 [2005] [internal quotation marks and citations omitted]). Accordingly, the issue is beyond the scope of review (*see Klein-Bullock v North Shore Univ. Hosp. at Forest Hills*, 63 AD3d 536 [2009]).

Under the circumstances presented, the award for past loss of services and the aggregate awards for past physical and mental pain and suffering and for future physical and mental pain and suffering deviate materially from what is reasonable compensation to the extent indicated (*see e.g. Bissell v Town of Amherst*, 56 AD3d 1144, 1148 [2008], *lv dismissed in part and denied in part* 12 NY3d 878 [2009]; *Miraglia v H & L Holding Corp.*, 36 AD3d 456 [2007], *lv denied* 10 NY3d 703 [2008]; *Bondi v Bambrick*, 308 AD2d 330 [2003]). The award for future medical expenses is also reduced to the maximum amount supported by the evidence (*see Miraglia* at 457). Concur—Tom, J.P., DeGrasse, Freedman and Román, JJ.