■ Leonel Goncalves et al., Respondents, v Stuyvesant Development Associates, Appellant and Third-Party Plaintiff-Appellant, et al., Defendants. Luna Carpentry, Inc., Third-Party Defendant-Respondent. [664 NYS2d 764] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 5, 1996, insofar as it denied so much of third-party plaintiff's cross motion as sought to have third-party defendant's prior cross motion for summary judgment deemed abandoned for failure to timely settle an order, unanimously affirmed, with costs, and appeal from that part of said order which deemed so much of the cross motion as sought to vacate the order that

was settled to be a motion for reargument of third-party defendant's prior cross motion for summary judgment and, so considered, denied reargument, unanimously dismissed.

In a personal injury action, third-party defendant's motion for an order of preclusion pursuant to CPLR 3126 based on the other parties' defaults on its discovery demands was granted on default, and thereafter, based on the preclusion order, the IAS Court granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint. This Court affirmed that dismissal, finding that third-party plaintiff did not satisfy its two-pronged burden for vacating of the default judgment (232 AD2d 275). Before the appeal was perfected, the IAS Court denied third-party plaintiff's cross motion to nullify the summary judgment order pursuant to 22 NYCRR 202.48, or, in the alternative, to vacate that order on the ground that it was premised on a preclusion order that had been granted on default and that the default should be excused.

That portion of third-party plaintiff's motion that sought to vacate the summary judgment order was nothing more than a motion to reargue third-party defendant's prior cross motion for summary judgment based on the preclusion order, the denial of which is nonappealable (see, Gray v Wallman & Kramer, 184 AD2d 409, 412-413).

Since third-party plaintiff's challenge to the validity of the summary judgment order pursuant to 22 NYCRR 202.48 could have been raised in its prior appeal of that order, which culminated in this Court's affirmance, the point is waived (see, Harbas v Gilmore, 214 AD2d 440, lv dismissed 87 NY2d 861). In any event, the IAS Court properly exercised its discretion in excusing third-party defendant's two-day tardiness in settling the order. We have considered third-party plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.