In the Matter of VILLAGE OF BERGEN et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant.

[672 NYS2d 595] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Respondent, Power Authority of the State of New York (PASNY), appeals from a judgment that granted in part the CPLR article 78 petition of petitioners, various municipal customers (Municipals), and ordered PASNY to recalculate the rate charged for preference power to the Municipals.

The Municipals commenced this proceeding as a declaratory judgment action seeking a declaration that the 1992 preference power rate set by PASNY is in violation of law and that the Municipals are entitled to a refund of the overcharges. On motion of PASNY, Supreme Court converted the action to a CPLR article 78 proceeding in the nature of mandamus. Although a CPLR article 78 proceeding is an appropriate method of challenging an agency's rate-making procedures, it is merely an alternative to a declaratory judgment action, which may still be maintained although it is subject to the four-month Statute of Limitations set forth in CPLR 217 (see, New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194). We reject the contention of PASNY that this proceeding is jurisdictionally defective because the Municipals did not serve it with a notice of petition. PASNY was properly served with a summons and complaint in the declaratory judgment action and thus had notice of the allegations of the Municipals and the relief they sought. It was only in response to PASNY's motion that the court converted the action and ordered the Municipals to serve a petition. Under the circumstances of this case, a notice of petition was not required.

The issue before the court was whether PASNY, in calculating the preference power rate (see, Public Authorities Law § 1005; 16 USC § 836 [b] [2]) for municipal customers, complied with its statutory mandate to set the "lowest possible rate" when it included therein indirect overhead expenses based on capacity rather than on labor costs (Public Authorities Law § 1005 [5]). We reject the contention of PASNY that it has broad discretion to establish rates and that, as long as its indirect overhead expenses are allocated reasonably, PASNY has complied with its statutory mandate. Even though a rate-setting methodology may be reasonable, it may not result in the lowest possible rate required by Public Authorities Law § 1005 (5).

The experts for the Municipals averred that the preference rate for the Municipals was 34% "higher than it should be" because PASNY relied on a capacity allocator rather than a

labor allocator. The experts further averred that the lowest possible rate is achieved by using a labor allocator. Those averments were not disputed. The court ordered PASNY to recalculate the rate to arrive at the lowest possible rate, thereby implicitly finding that PASNY's methodology based on capacity did not result in the lowest possible rate. However, this record does not provide a basis for any other rate calculations. Thus, it is not possible to determine whether the petition should be granted. In order to calculate the rate using a labor based ratio, petitioner will need to conduct further discovery to calculate those indirect labor expenses. The matter must therefore be remitted to Supreme Court to permit further discovery and to conduct a trial if needed. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—CPLR art 78.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.