■ EILEEN BOLAND, Appellant, v STEPHEN A. PINKS et al., Defendants, and THOMAS A. BOLAND, Respondent. [699 NYS2d 908] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered October 7, 1998, as granted that branch of the motion of the defendant Thomas A. Boland which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) so much of a judgment entered December 10, 1998, on the order, as dismissed the complaint insofar as asserted against the defendant Boland.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It is well settled that where, as here, the proponent of a motion for summary judgment makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion to present evidentiary facts in admissible form sufficient to require a trial of any material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiff's mere speculation that the defendant Thomas A. Boland may have failed to take some action to avoid the subject collision in which the plaintiff sustained her injuries, or in some way may have contributed to the occurrence of the accident, was without evidentiary support in the record, and therefore was insufficient to defeat the motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, summary judgment was properly granted in favor of the respondent. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.