■■ VILLAGE OF BERGEN et al., Respondents, v POWER AUTHORITY OF STATE OF NEW YORK, Appellant. (Appeal No. 1.) [726 NYS2d 902] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Declaratory Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■■ VILLAGE OF BERGEN et al., Respondents, v POWER AUTHORITY OF STATE OF NEW YORK, Appellant. (Appeal No. 3.)

[726 NYS2d 894] —Amended judgment unanimously affirmed without costs. Memorandum: Plaintiffs, municipalities who receive power from defendant, Power Authority of the State of New York (PASNY), commenced this declaratory judgment action seeking a declaration that the preference power rate set by PASNY is in violation of law and that plaintiffs are entitled to a refund of the overcharges. Supreme Court granted plaintiffs' motion for summary judgment, declared that plaintiffs' proposed methodology of using a labor ratio resulted in the lowest possible rates, and ordered PASNY to refund $14,322,888.58 to plaintiffs. We affirm.

PASNY contends that its trustees acted reasonably and in conformity with all applicable laws when they set the preference power rate using a capacity ratio rather than a labor ratio. As we determined in the prior appeal, however, "[e]ven though a rate-setting methodology may be reasonable, it may not result in the lowest possible rate required by Public Authorities Law § 1005 (5)" (*Matter of Village of Bergen v Power Auth.*, 249 AD2d 902, 903, *lv dismissed* 92 NY2d 940). On the prior appeal, plaintiffs alleged, and PASNY did not dispute, that the lowest possible rate is achieved by using a labor ratio (*Matter of Village of Bergen v Power Auth., supra,* at 903-904). PASNY further contends that the labor ratio methodology is not rationally related to the indirect overhead costs at issue. Because that contention could have been raised on the prior appeal but was not, it is waived (*see, Goncalves v Stuyvesant Dev. Assocs.,* 244 AD2d 267, 268). Finally, PASNY contends that the court erred in applying a discount to the rates calculated using the labor ratio. When PASNY calculated the preference power rates using the capacity ratio, it applied a discount to those rates. Plaintiffs thus used that same discount when it recalculated the preference power rates using the labor ratio. We conclude that PASNY has failed to submit evidence in support of its opposition to the use of those discounts, relying instead on mere speculation that the trustees would not have approved such discounts, and thus failed to raise an issue of fact sufficient to defeat plaintiffs' motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Boland v Pinks,* 267 AD2d 342, 343, *lv denied* 95 NY2d 760). (Appeal from Amended Judgment of Supreme Court, Niagara County, Joslin, J.—Declaratory Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.