■ MARIAN L. LAWHORN et al., Respondents, v DARRIN F. SCOTT et al., Respondents, and SERRINA NELSON et al., Appellants. [748 NYS2d 396] —In an action to recover damages for personal injuries, etc., the defendants Serrina Nelson and Richard Automotive, Inc., appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 24, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants made out a prima facie case on their motion for summary judgment by demonstrating that their vehicle was stopped and at rest before its being hit by the vehicle driven by the defendant Darrin F. Scott and owned by the defendant Christine T. Martin (hereinafter the Martin car). The Martin car struck the appellants' stopped vehicle only after it rebounded from a first collision with the plaintiffs' vehicle.

In opposition to the motion, the plaintiffs contended that the testimony of the defendant Christine T. Martin showed that just before the accident the appellants' vehicle was tailgating the Martin car. They argue that this was sufficient to show the existence of an issue of fact as to the culpability of the driver of the appellants' vehicle, the appellant Serrina Nelson. However, even assuming the truth of that testimony, there was no evidentiary proof demonstrating that the alleged tailgating was a proximate cause of the accident, and to hold otherwise would be sheer speculation.

In any event, the only proof in the record as to how closely the appellants' vehicle was following the Martin car im-

mediately before the accident is the deposition testimony of Martin, who stated that the appellants' vehicle was "real close." This testimony is speculative at best, and so was insufficient to defeat the motion. Since the appellants made out their prima facie case, and the opponents of the motion failed to raise a triable issue of fact, the appellants' motion should have been granted (*see Boland v Pinks,* 267 AD2d 342; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320). Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.