■ KRYSTYNA MALISZEWSKA, Appellant, v PREMIER DISTRI-BUTION SERVICES, INC., et al., Respondents, and POTAMKIN NEW

York LP Mitsubishi Sterling, Appellant. [761 NYS2d 861] —In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 28, 2002, as granted that branch of the motion of the defendants Premier Distribution Services, Inc., Clarence Williams, Penske Truck Leasing Corp., and Tree of Life Company which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Potamkin New York LP Mitsubishi Sterling separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion which was to dismiss its cross claims insofar as asserted against those defendants.

Ordered that the order is affirmed, with one bill of costs.

The defendants Premier Distribution Services, Inc., Clarence Williams, Penske Truck Leasing Corp., and Tree of Life Company established their entitlement to judgment as a matter of law by demonstrating that their alleged negligence, if any, was not a proximate cause of the accident (*see Sheehan v City of New York*, 40 NY2d 496 [1976]; *Boland v Pinks*, 267 AD2d 342 [1999]; *Haylett v New York City Tr. Auth.*, 251 AD2d 373 [1998]). It was therefore incumbent upon the plaintiff and the defendant Potamkin New York LP Mitsubishi Sterling (hereinafter Potamkin) to come forward with evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff and Potamkin did not meet their burden because they relied upon completely speculative and insufficient evidence to oppose the motion (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Lawhorn v Scott*, 298 AD2d 503 [2002]). Prudenti, P.J., Altman, Smith and Adams, JJ., concur.