SEMINOLE REALTY Co., as Holder of Unsold Shares of 255 West 84th Street Owners Corp., Apt. 3-D, Respondent, v SUSAN GREENBAUM, Respondent, and ELAYNE KESSELMAN, Appellant, et al., Respondents. [619 NYS2d 5] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, J. P., Parness and Miller, JJ.), entered April 7, 1993, which affirmed a judgment of the Civil Court, New York County (James Grayshaw, J.), entered January 3, 1992, after a nonjury trial, awarding possession of the subject apartment to petitioner landlord, unanimously affirmed, without costs.

We agree with the trial court and Appellate Term that respondent-appellant's relationship to the tenant was that of a close friend and roommate not characterized by the requisite "emotional and financial commitment and interdependence"

connoting a family relationship *(Braschi v Stahl Assocs. Co.,* 74 NY2d 201, 211), and that she was therefore not entitled to succession rights to the subject rent stabilized apartment as a nontraditional family member under the standards set forth in Rent Stabilization Code (9 NYCRR) § 2520.6 (o) (2) and § 2523.5 (b) (1). The women never intermingled their finances or jointly owned real or personal property, held themselves out as a family unit, executed documents formalizing legal obligations, jointly celebrated most major holidays or attended important celebrations with each other's families *(see, Ramirez v Lewis,* 177 AD2d 296). Appellant's argument that it is a denial of equal protection to exclude adult friends in a sibling-like relationship from the class of persons entitled to succession rights is improperly raised for the first time on this appeal *(Matter of Garfield,* 14 NY2d 251, 260), and in any event the relationship here was that of roommates rather than siblings *(compare, Colon v Frias,* 162 Misc 2d 36 [Civ Ct, Kings County, 1994]). Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.