■ GSL ENTERPRISES, INC., Respondent, v ANTONIO LOPEZ, Appellant, et al., Respondents. [656 NYS2d 637] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., McCooe and Freedman, JJ.), entered July 26, 1996, which affirmed a judgment of the Civil Court, New York County (Arlene Hahn, J.), entered March 12, 1995, after a nonjury trial, awarding possession of the subject apartment to petitioner landlord, unanimously affirmed, without costs.

A fair interpretation of the evidence supports Appellate Term's finding that respondent failed to meet his "affirmative obligation" to prove "emotional and financial commitment, and interdependence between [himself] and the tenant" such as would entitle him to succeed to the subject rent-controlled apartment as a nontraditional family member of the tenant (9 NYCRR 2204.6 [d] [2], [3]). All that was offered was respondent's testimony that he and the deceased tenant shared expenses, held some credit cards jointly, and vacationed together on some five occasions over their 11-year relationship, and that he helped to care for the tenant in his illness. As Appellate Term pointed out, there was no testimony from friends, neighbors, or family members corroborating a family-type, as opposed to close-friend-and-roommate, relationship (see, Seminole Realty Co. v Greenbaum, 209 AD2d 345); no documentation corroborating the intermingling of finances; no proof that the two had ever held themselves out as a family unit, executed documents formalizing legal obligations, or jointly celebrated holidays with other family members except on one occasion; and it was significant that the tenant executed a power of attorney in favor of his sister, and amended his will to include his desire that his sister "inherit" the apartment. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.