■ In the Matter of ELISE WATSON, Petitioner, v JERILYN PERINE et al., Respondents. [732 NYS2d 159] —Determination of respondent New York City Housing Authority, dated August 8, 2000, which, after an administrative hearing, found that petitioner was not a family member within the meaning of the applicable rule and granted respondent Lindsay Park Housing Corp.'s request for a certificate of eviction, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Louis York, J.], entered March 6, 2001), dismissed, without costs.

Upon review of the record, we find substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180) to support respondent's determination that

petitioner was not entitled to succeed to the tenancy of the subject apartment upon the ground that she was a non-traditional family member of the deceased prior occupant of said apartment. While petitioner did share a close relationship with the decedent, she was not a family member of the decedent's within the meaning of 28 RCNY 3-02 (p) (2) (ii) (A) and did not meet her burden of showing the "emotional and financial commitment and interdependence" with the prior apartment occupant upon which legal cognition of a non-traditional family relationship must be premised in the context of determining housing succession rights (*see*, 28 RCNY 3-02 [p] [2] [ii] [B]; *see also, Seminole Realty Co. v Greenbaum*, 209 AD2d 345, *lv dismissed* 85 NY2d 922).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.