■ ARNIE REALTY CORP., Appellant, v GUSTOVO TORRES, Respondent. [742 NYS2d 240] —Order of the Appellate Term of the Supreme Court, First Judicial Department, entered June 1, 1999, affirming an order of Civil Court, Bronx County (Delores Thomas, J.), entered August 17, 1995, which, after a nonjury trial, dismissed petitioner's holdover proceeding and awarded respondent possession of the subject apartment as a succeeding family member of the deceased tenant of record, unanimously affirmed, without costs.

Appellate Term properly affirmed Civil Court's finding that respondent established his entitlement to succeed to the rent-controlled tenancy of the deceased tenant as a nontraditional family member of that deceased tenant (*see*, 9 NYCRR 2204.6 [d] [3]). The duly credited trial evidence, fairly considered, permitted the trial court to find that respondent had lived in the apartment with the deceased tenant for eight years prior to the tenant's death in April 1994, that the tenant financially supported the household while respondent provided domestic support, and that, during the final four years of the tenant's life, the tenant was completely dependent upon the respondent's care. Contrary to petitioner's appellate argument, the absence of documentary evidence of financial interdependence did not undermine respondent's claim to succession rights

where the totality of the testimonial evidence, including respondent's testimony and that of the priest who performed a Holy Union ceremony for the couple in 1988 and who was instructed by the deceased tenant in the last days of his life to use the proceeds of his life insurance policy, of which the priest was the named beneficiary, for respondent's benefit, established that respondent and the deceased had had a long-term relationship characterized by emotional and financial commitment and interdependence (*see, Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 211).

We have reviewed petitioner's remaining contentions and find them unavailing. Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.