OPINION OF THE COURT
Per Curiam.
Order and final judgment entered April 26, 2002 affirmed, with $25 costs.
*113 The duly credited trial evidence supports Civil Court’s determination that respondent is entitled to succeed to the rent-controlled tenancy of the departed tenant as a nontraditional family member (New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [3]). In this regard, the record shows that the parties enjoyed a family-type relationship dating back to 1979, and that they held themselves out as a couple, vacationing together and visiting their respective families. The tenant financially supported the household while respondent, who was not employed, performed various home duties. The absence of documentary evidence of financial interdependence does not undermine an otherwise valid succession claim where the totality of the circumstances evinces a long-term relationship characterized by emotional and financial commitment (see, Arnie Realty Corp. v Torres, 294 AD2d 193 [2002]). Although the tenant and respondent each had their own checking accounts and credit cards, they also maintained a joint savings account and respondent was the principal beneficiary under the tenant’s pension plan. We note the finding of the trial court that “this was not a mere roommate situation” (cf., 54 Featherco v Correa, 251 AD2d 23 [1998]), which is entitled to deference on appeal since it is far from obvious that the court’s conclusion could not be reached under any fair interpretation of the evidence (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
Suarez, P.J., Davis and Schoenfeld, JJ., concur.