*44 OPINION OF THE COURT
Per Curiam.
Final judgment entered July 7, 2003 reversed, without costs, and finad judgment of possession is awarded to petitioner.
Based upon the evidence adduced at trial and in the exercise of our authority to render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we conclude that respondent Hampshire’s relationship to the elderly tenant was that of a close friend and roommate not characterized by the requisite “emotional and financial commitment and interdependence” connoting a family relationship for housing succession purposes (see Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989]; Rent Stabilization Code [9 NYCRR] § 2520.6 [o] [2]). Aside from evidence indicating that respondent slept in a “little room” adjacent to the kitchen of the tenant’s “railroad”-type apartment, ate breakfast with the tenant, and at times “shlepp[ed]” items up and down the stairs, the thin trial record offers little insight as to the nature or continuity of respondent’s use of the apartment or the type of household activities that he shared with the tenant. That respondent and the tenant had “similar sensibilities,” socialized and spent some holidays together with mutual friends are factors which, without more, do not demonstrate a family-type, as opposed to a close friend and roommate relationship, particularly given the candid testimony of one of respondent’s own witnesses that the relationship was “a very close friendship . . . almost like a best friend relationship.”
Also lacking was any record showing that respondent and the tenant intermingled their finances, formalized legal obligations or jointly owned property (see, GSL Enters. v Lopez, 239 AD2d 122 [1997]; Seminole Realty Co. v Greenbaum, 209 AD2d 345 [1994], lv dismissed 85 NY2d 922 [1995]). The requisite showing of familial, financial commitment is not found in respondent’s vague testimony that the tenant financially supported his career as an artist and would “wire” and “send” respondent unspecified amounts of money on an unspecified number of occasions.
On this record, respondent failed to meet his “affirmative obligation” of establishing succession rights to the rent-stabilized apartment as a nontraditional family member of the deceased tenant (Rent Stabilization Code [9 NYCRR] § 2523.5 [e]).
McCooe, J.E, Davis and Gangel-Jacob, JJ., concur.