■ RHM Estates, Respondent, v Alan Hampshire, Appellant. [795 NYS2d 214]—

Order of the Appellate Term of the Supreme Court, First Department, entered August 24, 2004, which reversed a judgment of Civil Court, New York County (Larry S. Schachner, J.), entered July 7, 2003, in tenant's favor, unanimously reversed, on the law and the facts, without costs, and the landlord's petition dismissed.

The evidence presented to the trial court amply supported its conclusion that respondent's relationship with the now deceased tenant of record, Ms. Baer, was that of a nontraditional family member, as defined in Rent Stabilization Code (9 NYCRR) § 2520.6 (o) (2). Respondent lived with Baer for 15 years without

paying rent; the two shared holiday and birthday celebrations, traveled together and traditionally ate their breakfast together in the subject apartment. Also, they took care of each other, as needed. It is of note that respondent spent substantial time caring for Baer throughout a lengthy battle with cancer, which eventually took her life. Further, respondent used the apartment's address on a W-2 form, a bank statement and a voter registration form. He also received his mail there. There is no evidence that he had any other address. While the statute considers intermingling of finances, the absence of this factor here does not negate the conclusion that Baer and respondent had a family-like relationship (see Rent Stabilization Code [9 NYCRR] § 2520.6 (o) (2) ["no single factor shall be solely determinative"]).

The decision of the factfinder should not be disturbed upon appeal unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence. This is especially true when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (Claridge Gardens, Inc. v Menotti, 160 AD2d 544, 544-545 [1990]; Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297 [1989], lv denied 76 NY2d 702 [1990]). Here, the totality of the evidence before the trial court supported its determination that the respondent and Ms. Baer lived together for 15 years as "nontraditional family members."

Accordingly, we reverse the order appealed and dismiss the petition. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Williams and Catterson, JJ. [See 5 Misc 3d 43.]