OPINION OF THE COURT
Per Curiam.
Order entered April 13, 2010, reversed, with $10 costs, motion denied, and jury verdict reinstated.
Upon the trial of this licensee holdover proceeding, the parties stipulated to petitioner’s prima facie case and submitted for the jury’s consideration but a single issue: whether respondent Abbott, the nephew of the deceased rent-controlled tenant of record, qualified as a nontraditional family member entitled to succeed to his aunt’s tenancy (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [3] [i]). The jury returned a verdict in favor of petitioner on that issue, unanimously rejecting respondent’s succession claim based upon an express finding that respondent’s relationship with the tenant lacked “financial commitment and interdependence.” The trial court granted respondent’s motion to set aside the verdict, prompting this appeal by petitioner. We reverse, and reinstate the jury verdict.
Under the definition of “family member” provided by the court in its charge without objection by respondent,[1] the jury’s determination of the succession issue in petitioner’s favor was supported by legally sufficient evidence and comported with the weight of the evidence. In this connection, respondent’s own testimony and that of his witnesses demonstrated that he and the tenant did not jointly own property or intermingle their finances in any meaningful way; that tenant named her son, Jack, not respondent, as beneficiary under her will and as attorney-in-fact in a power of attorney; that Jack handled the tenant’s financial transactions and paid for durable household *14 items, including a stove and an air conditioner; and that respondent generally did not contribute to such household costs as rent or electricity, although, so far as shown, financially able to do so for much of his co-occupancy with the tenant. Based upon this evidence, we cannot say that the jury finding of no succession is without a sufficient factual foundation (see 390 W. End Assoc. v Wildfoerster, 241 AD2d 402 [1997]; GSL Enters. v Lopez, 239 AD2d 122 [1997]). The sparse evidence of financial interdependence that respondent was able to present — his incidental (and unsubstantiated) payments for holiday decorations and tenant’s cosmetics, eye drops and the like, and his titular designation as representative payee of the tenant’s Social Security benefits, which, it is undisputed, were deposited into tenant’s own bank account solely managed by Jack — did not so preponderate over petitioner’s proof as to render the jury verdict against the weight of the evidence (see 54 Featherco v Correa, 251 AD2d 23 [1998]). Nor does the circumstance that respondent and tenant each may have had relatively limited assets serve to excuse the obvious paucity of evidence as to their financial interdependence or warrant judicial interference with a jury verdict otherwise adequately supported by the record (cf. Arnie Realty Corp. v Torres, 294 AD2d 193 [2002] [trial court’s finding of succession upheld on appeal despite absence of documentary evidence of financial interdependence, where tenant in the last days of his life directed that the proceeds of his life insurance policy be used for respondent’s benefit]; St. Marks Assets v Herzog, 196 Misc 2d 112, 113 [2003] [trial court’s finding of succession sustained where respondent, who was not employed, “performed various home duties” and where couple maintained a joint bank account and respondent was the principal beneficiary under tenant’s pension plan]; Roberts Ave. Assoc. v Sullivan, 2003 NY Slip Op 51091[U] [App Term, 1st Dept 2003] [succession found despite absence of documentary proof of intermingling of finances where respondent, who relied upon tenant for financial support, was given a power of attorney to conduct tenant’s banking and arranged and paid for tenant’s burial]).
We need emphasize that our review of the jury verdict may not be based on the elements of succession as defined by certain decisional law now relied upon by respondent (see particularly RHM Estates v Hampshire, 18 AD3d 326 [2005]), but rather on the basis of the elements as defined by the court’s unexcepted to jury charge, which became the law of the case, or *15 more accurately, “consent... to the law to be applied” (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; see Knobloch v Royal Globe Ins. Co., 38 NY2d 471, 477 [1976]). To the extent the cases presently cited by respondent may be read to “impose[ ] a more [lenient succession] standard than that invoked by the trial court here [in its unchallenged charge, such cases] are irrelevant to the disposition of this appeal” (Knobloch at 479).[2]
Nor is a proper basis to set aside the jury verdict found in any perceived error in the jury verdict sheet. Tenant’s objection that the verdict sheet asked the jury to separately consider the emotional and financial aspects of respondent’s relationship with the tenant, rather than posing a “unitary question,” appears to exalt form over substance. After all, it is settled law, and the jury charge clearly provided, that a claimed successor must establish both the emotional and financial underpinnings of his or her relationship with the tenant to qualify for eviction protection as a nontraditional family member. That being so, one is hard pressed to conclude that the form or syntax of the interrogatories drawn here altered the jurors’ determination of the succession issue or affected the outcome of the case. There is simply no indication in the single note presented by the jury or elsewhere in the record that the verdict sheet, when viewed in the context of the charge as a whole (see Iasello v Frank, 257 AD2d 362 [1999]), caused confusion or doubt among the jurors over the applicable principles of law (see Aguilar v New York City Tr. Auth., 81 AD3d 509, 510 [2011]). Though mindful that “[o]ur power to review the [t]rial [judge’s] discretion must be exercised in the light of the fact that he was there and we were not” (Trapp v American Trading & Prod. Corp., 66 AD2d 515, 519 [1979]), we cannot abide the trial court’s conclusion that any claimed error in the verdict sheet could have misled the jury or prejudiced respondent’s cause.
We recognize that respondent’s circumstances are sympathetic, given his long-term, shared occupancy of his aunt’s apartment. But the governing succession regulation and interpretive case law do not allow us to wink at the evidentiary gaps in respondent’s succession defense, particularly given the proce *16 dural posture of this appeal involving review of the propriety of a jury verdict. Our resolution of this case may not be reached through an emotional approach to the facts, but instead must rest upon valid legal analysis rooted in the record.
Shulman, J.P., Schoenfeld and Torres, JJ., concur.

. The court’s instructions to the jury unmistakably conveyed the critical precept that respondent could prevail on his succession claim only if he were to establish that an “emotional and financial commitment and interdependence” existed between him and the tenant; properly recited the relevant factors set forth in the regulation for the jury’s use as a “guide”; and effectively explained that the absence of “one or more” of the enumerated factors was not dispositive of the succession issue, with the juiy required to “consider the totality of the circumstances,” including respondent’s and tenant’s “ages, income levels and the nature of their relationship to one another.”

. It bears mention that respondent’s counsel attempted to argue in summation that the jurors were “not required to place the same weight on the financial” aspects of respondent’s relationship with his aunt than they were in connection with the relationship’s emotional aspects, and was correctly foreclosed from pursuing that argument, with the court reminding the jury that respondent had to prove both the “emotional aspect” and the “financial aspect” of the relationship.