■ In the Matter of FORT WASHINGTON HOLDINGS, LLC, Respondent, v MAURICE ABBOTT, Appellant. [990 NYS2d 509]—

Order of the Appellate Term of the Supreme Court, First Department, entered May 15, 2012, which reversed an order of the Civil Court, New York County (Arthur F. Engoron, J.), entered April 13, 2010, and reinstated the jury verdict in petitioner's favor, unanimously affirmed, without costs.

Assuming without deciding that respondent preserved for appellate review his objection to the court's decision to issue a verdict sheet that separately asked whether respondent and his aunt had an emotional commitment and interdependence, and whether they had a financial commitment and interdependence, we find that the verdict sheet was not an impediment to the jury's ability to find that respondent qualified as a family member for succession purposes (*see* 9 NYCRR 2204.6 [d] [3] [i]). The regulation explicitly states that a person seeking to succeed to a rent-regulated apartment based upon a nontraditional family relationship must establish both emotional and financial commitment and interdependence. The verdict sheet merely tracked the regulation. Further, the jury was correctly instructed to consider the totality of the relationship in evaluating the evidence (*see Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 213 [1989]). The evidence was sufficient to support the jury's finding that there was no financial commitment and interdependence. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.