■ In the Matter of BLUE STAR PROPERTIES, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and JEROME CORBETT, Intervenor-Respondent. [19 NYS3d 285]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered October 28, 2014, which denied the petition seeking to annul and vacate the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated October 11, 2013, which found that intervenor-respondent Jerome Corbett was entitled to succeed to the rent-controlled apartment formerly occupied by his aunt, and dismissed this CPLR article 78 proceeding, unanimously affirmed, without costs.

Respondent agency's determination that Jerome Corbett established entitlement to succeed to a rent-controlled apartment lease to his late aunt, Retha Harris, as a nontraditional family member, is supported by a rational basis and not arbitrary and capricious (*see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]).

Corbett established entitlement to succeed to his late aunt's rent-controlled tenancy as a nontraditional family member (*see*

9 NYCRR 2204.6 [d] [3] [i]; *WSC Riverside Dr. Owners LLC v Williams*, 125 AD3d 458 [1st Dept 2015], *lv dismissed* 25 NY3d 1221 [2015]). Corbett lived with his aunt, Retha Harris, for 25 years, had an intimate relationship with her that more closely resembled the bond between a mother and her adult child, was her primary caregiver, attending to all her needs, including bathing and dressing her, giving her insulin injections, and taking her to the doctor.

It is undisputed that Corbett established five of the eight factors to be considered in determining the existence of an "emotional and financial commitment, and interdependence" with his aunt (9 NYCRR 2204.6 [d] [3] [i]). Petitioner does not deny that Corbett has shown, via his testimony and that of family members and friends, a long-standing relationship, and that he and his aunt engaged in family-type activities, held themselves out as family members, regularly performed family functions together, and engaged in other behavior evidencing the intent to create a long-term emotionally-committed relationship (*id.*).

We find that Corbett also established two additional factors, that he and his aunt shared household expenses and relied upon each other for the same, and that they intermingled finances. The uncontroverted testimony establishes that Corbett regularly paid the telephone and cable bills, purchased groceries and furniture for the household, performed repairs for the apartment, and, during the more than one-year period when Corbett's aunt had no income, took care of most of the household expenses (*cf. Fort Wash. Holdings, LLC v Abbott*, 36 Misc 3d 11 [App Term, 1st Dept 2012], *affd* 119 AD3d 492 [1st Dept 2014]).

Corbett's failure to establish the final factor, the formalization of legal obligations (9 NYCRR 2204.6 [d] [3] [i] [*e*]) is not determinative (*see* 9 NYCRR 2204.6 [d] [3] [i]; *WSC Riverside Dr. Owners LLC*, 125 AD3d at 459). "[T]he presence or absence of one or more of [the factors] is not dispositive since it is the totality of the relationship as evidenced by the dedication, caring and self-sacrifice of the parties which should . . . control" (*Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 213 [1989]; *see also RHM Estates v Hampshire*, 18 AD3d 326 [1st Dept 2005]).

Moreover, DHCR's interpretation of the regulations which it administers is entitled to deference (*see Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]) and the hearing officer's credibility findings are entitled to great weight (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). The hearing officer's 15-

page report reflects that she considered the totality of the circumstances, including the overwhelming emotional and family-like bond, and the witnesses' demeanor while testifying, in determining credibility issues and the existence of financial interdependence. The hearing officer's expression of compassion in reaching her conclusions should not be confused with bias (*see generally Matter of Asch v New York City Bd./Dept. of Educ.*, 104 AD3d 415, 418-421 [1st Dept 2013]). Concur— Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.