Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal (2018 NY Slip Op 00155)





Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal


2018 NY Slip Op 00155


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
L. PRISCILLA HALL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-12224
 (Index No. 7977/14)

[*1]In the Matter of Underhill-Washington Equities, LLC, appellant, 
v
Division of Housing and Community Renewal, respondent-respondent, et al., respondent.


Santo Golino, New York, NY (Brian W. Shaw of counsel), for appellant.
Adam H. Schuman, New York, NY (Jack Kuttner of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated April 4, 2014, which denied a petition for administrative review and affirmed a Rent Administrator's finding that the respondent Michael Leeke was entitled to succession rights to a rent-controlled apartment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated April 14, 2015, which denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondent Michael Leeke (hereinafter the tenant) has resided in the subject apartment since 1972. The tenant's sister is the original tenant of record of the apartment. In 2009, the petitioner, the owner of the apartment (hereinafter the owner), commenced a holdover proceeding in the housing court to evict the tenant and his sister on the ground that the sister was no longer using the apartment as her primary residence. In their answer in that proceeding, the tenant and his sister each maintained that they had co-resided at the apartment since on or about 1971. That proceeding was dismissed by the housing court on the ground that the owner had failed to comply with the notice and filing requirements for eviction (see 9 NYCRR 2204.3). Thereafter, in August 2011, the tenant commenced an administrative proceeding in the Division of Housing and Community Renewal (hereinafter the DHCR) seeking a determination that the apartment was subject to the New York City Rent and Eviction Regulations and that he was a valid successor to this rent-controlled apartment. The owner commenced a second holdover proceeding against the tenant and his sister and they again interposed an answer maintaining that they had resided together at the apartment since approximately 1971.
In the administrative proceeding before the DHCR, the tenant provided an affidavit from his sister in which she averred that she had vacated the apartment in December 2005 and that the owner, through its staff, was aware of the vacatur. She averred that she purchased a home in Florida in 2005 due to health concerns involving her daughter, who had lupus and kidney disease and was awaiting a liver transplant. In response the owner argued, among other things, that the tenant's sister continued to pay the rent through 2009. In an order dated November 7, 2012 (hereinafter the November 2012 order), a Rent Administrator for the DHCR determined that the [*2]apartment was rent controlled and the tenant was entitled to succeed to the rights and protections afforded under the rent control laws.
In December 2012, the owner filed a petition for administrative review of the November 2012 order. The Deputy Commissioner of the DHCR reviewed the record and concluded that the documentary evidence, along with the affidavit of the tenant's sister, sufficiently established, inter alia, that the tenant's sister permanently vacated the apartment in December 2005 when she moved to Florida and the minimum two-year co-residency requirement in Rent and Eviction Regulations (9 NYCRR) § 2204.6(d) was satisfied given that the tenant had resided in the apartment since 1972. In an order dated April 4, 2014 (hereinafter the April 2014 order), the Deputy Commissioner denied the owner's petition for administrative review and affirmed the November 2012 order granting the tenant succession rights as a rent-controlled tenant.
The owner then commenced this CPLR article 78 proceeding to review the April 2014 order. In a judgment dated April 14, 2015, the Supreme Court denied the petition and dismissed the proceeding, finding that the DHCR's determination to grant succession rights to the tenant was rationally based on the administrative record and was neither arbitrary nor capricious. We affirm.
"Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766, citing CPLR 7803[3]; see Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [internal quotation marks omitted]). The determination by the DHCR, if reasonable, must be upheld (see Matter of 85 E. Parkway Corp v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676), even if a different result would not be unreasonable (see Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038). "[I]n an article 78 proceeding, the reviewing court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative factfinder" (Matter of Porter v New York City Hous. Auth., 42 AD3d 314, 314; see Matter of Prestige Towing & Recovery, Inc. v State of New York, 74 AD3d 1606, 1607).
Here, the Supreme Court properly found the determination of the DHCR that the tenant was entitled to succeed to the apartment under the protection of the Rent Control Law was not arbitrary and capricious and was rationally based on the administrative record (see Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d at 925-926; Matter of Blue Star Props, Inc. v New York State Div. of Hous. & Community Renewal, 133 AD3d 461, 461).
Contrary to the owner's contention, the doctrine of judicial estoppel did not preclude the DHCR from crediting the affidavit of the tenant's sister regarding her vacatur of the apartment. As the holdover proceedings were not litigated to a conclusion on the merits in favor of the sister, her contentions in those proceedings about continued residency in the apartment—a position of which the DHCR was aware—is not subject to judicial estoppel (see Kalikow 78/79 Co. v State of New York, 174 AD2d 7, 11-12), and the DHCR was within its discretion in crediting the sister's affidavit and rejecting the contentions that she had asserted in the holdover proceedings (see Matter of Porter v New York City Hous Auth, 42 AD3d at 314).
Moreover, when determining succession rights, the focus is on preventing displacement of family members when they have been residing with tenants at housing accommodations for long periods of time (see Matter of Herzog v Joy, 74 AD2d 372, 375-376, affd 53 NY2d 821; see also Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d at 653-654; Festa v Leshen, 145 AD2d 49, 58-59). Here, the owner did not contest the tenant's status as a family member or that he had resided in the apartment since approximately 1972. The tenant is entitled to possession by virtue of his relationship to, and contemporaneous occupancy of the apartment with, his sister, the original tenant, even if the tenant does not pay rent and the rent [*3]is paid by a non-occupant (see Matter of Herzog v Joy, 74 AD2d at 376). Since the tenant had resided in the subject apartment for more than 30 years, the determination of the DHCR that he was entitled to succession rights to the apartment was rationally based (see id. at 376-377; see also Festa v Leshen, 145 AD2d at 63).
The owner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
RIVERA, J.P., HALL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court