178 East 70th Street, LLC c/o Lighthouse Properties LLC, Petitioner-Landlord-Appellant,
against
Jonathan Weizmann and Jessica Weizmann Nelson as Executors/Administrators for the Estate of Joan Weizmann a/k/a Joan Weizman, Jacques Weizmann, "John Doe", "Jane Doe", Respondents-Respondents.



Landlord appeals from a final judgment of the Civil court of the City of New York, New York County (Jean T. Schneider, J.), entered March 20, 2018, after a nonjury trial, dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered March 20, 2018, affirmed, with $25 costs.
The evidence adduced at trial amply supports the trial court's fact-laden determination, which rested in large measure on the court's assessment of the credibility of the witnesses, that respondent Jacques Weizmann met his affirmative obligation of establishing succession rights to the subject rent stabilized apartment as a nontraditional family member of the deceased tenant Joan Weizmann, his former spouse (see Rent Stabilization Code [9 NYCRR] § 2520.6[o][2]). In this regard, it was essentially undisputed that in 2014, the then septuagenarian respondent gave up his own apartment and moved back into the subject apartment, the former marital residence, because the then-ailing tenant, who was suffering from dementia, could no longer live on her own. The duly credited trial evidence, including the testimony of the couple's adult children, supported the court's finding that tenant and respondent had "strong, committed family relationship" that included "their children and grandchildren"; that "they shared household expenses"; and that respondent "provided daily companionship and support" to tenant during her prolonged illness, and until her death in 2016 (see Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160 [2018]; WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]; RHM Estates v Hampshire, 18 AD3d 326, 327 [2005]; Arnie Realty Corp. v Torres, 294 AD2d 193 [2002]).
The lack of formalization of legal and financial obligations between respondent and tenant, is not dispositive (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]) and does not preponderate over the plausible and credited testimonial evidence (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]). Moreover, the trial court, which had the opportunity to see and hear the witnesses and observe their demeanor, credited the testimony that, despite tenant's condition, her relationship with respondent was characterized by the "emotional and financial commitment and interdependence" required for nontraditional family succession (9 NYCRR § 2520.6[o][2]; see Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989]).
We have considered landlord's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 30, 2018