354 Atlantic Avenue, LLC, Respondent,
against
Andrew Noronha, Appellant, et al., Undertenants.




Leon I. Behar, P.C. (Leon Behar of counsel), for appellant.
Eric F. Fromme, PLLC (Eric F. Fromme of counsel), for respondent.

Appeals from a final judgment of the Civil Court of the City of New York, Kings County (John H. Stanley, J.), entered December 28, 2016, and from an order of that court dated March 21, 2017. The final judgment, upon a decision of that court dated December 22, 2016, made after a nonjury trial, awarded possession to petitioner in a summary proceeding brought pursuant to RPAPL 713 (7). The order denied occupant's motion to set aside the decision and the final judgment pursuant to CPLR 4404 (b).




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition; and it is further,
ORDERED that the appeal from the order is dismissed as moot.
In this licensee summary proceeding (RPAPL 713 [7]) to recover possession of a rent-controlled apartment, occupant defended on the ground that he was entitled to succeed to the tenancy of his aunt as a nontraditional family member (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [3]; Hitchcock Plaza, Inc. v Fortune, 47 Misc 3d 127[A], 2015 NY Slip Op 50373[U] [App Term, 1st Dept 2015]). After a nonjury trial, the Civil Court found that occupant had not met his burden of proof, noting a lack of evidence of an emotionally committed relationship, or proof of intermingled finances or formalized legal obligations between occupant and his aunt. A final judgment awarding landlord possession was entered on December 28, 2016. Occupant subsequently moved to set aside the court's decision and the final judgment, pursuant to CPLR 4404 (b), which motion was denied by order dated March 21, 2017.
There was trial testimony that occupant and his aunt were part of a close extended family, which included occupant's mother and two brothers, who lived in one of the other two apartments [*2]in the building. Occupant had been close to his aunt since he was a child, when she had helped take care of him, and he considered her to be a second mother to him. After his uncle died, he moved into his aunt's apartment to help take care of her. He lived with her for 25 years, during which time he cooked and shopped for her, took her to doctors' appointments, regularly ate dinner with her, did her laundry, and paid the rent and utilities for the apartment. We find that this evidence, viewed in its totality, demonstrates that occupant qualified as a nontraditional family member and is entitled to succession rights (see e.g. RHM Estates v Hampshire, 18 AD3d 326 [2005]; Arnie Realty Corp. v Torres, 294 AD2d 193 [2002]). 
We note that no single factor is determinative under New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d) (3), and that the absence of an intermingling of finances has specifically been found not to negate a conclusion that two individuals had a family-like relationship (see RHM Estates, 18 AD3d at 327). Furthermore, in a situation such as this one, where the relationship between occupant and his aunt can be best compared to one between a parent and child, lack of such proof may be particularly irrelevant, as many adults who live with their parents do not choose to intermingle their finances.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., dissents and votes to affirm the judgment in the following memorandum:
At issue on this appeal is whether the trial court properly determined that occupant failed to establish his succession rights to his aunt's apartment as a nontraditional family member. Affording due deference to the trial court's factual findings and its assessment of the witnesses' credibility, I conclude that the trial court's determination was based upon a fair interpretation of the evidence and should not be disturbed on appeal (see RHM Estates v Hampshire, 18 AD3d 326, 327 [1st Dept 2005]).
To establish succession rights as a nontraditional family member, occupant was required to demonstrate that "he lived with the tenant of record, as his primary residence, for a period of two years immediately before she vacated said premises, and had a qualifying familial relationship with her which included both an emotional and financial commitment, and interdependence, not just a sharing of the expenses of the premises" (AFE Realty Corp. v Diamond, 7 Misc 3d 136[A], 2005 NY Slip Op 50783[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] [internal citations omitted]). In determining whether occupant satisfied this burden, the court may consider the "longevity of the relationship," the sharing of household expenses, the "intermingling of finances," the sharing of "family-type activities," the formalization of legal obligations, holding out to the community as family members, "regularly performing family functions," and engaging in any other conduct which shows an "intention of creating a long-term, emotionally committed relationship" (Rent Stabilization Code § 2520.6 [o] [2]). While all of these factors are relevant in determining the existence of a nontraditional family relationship, " 'no single factor shall be solely determinative' " (Hitchcock Plaza, Inc. v Fortune, 47 Misc 3d 127[A], 2015 NY Slip Op 50373[U], *1-2 [App Term, 1st Dept 2015], quoting WSC Riverside Drive Owners LLC v Williams, 125 AD3d 458, 459 [2015]). Thus, the lack of proof of intermingling of assets will not, by itself, negate the existence of such a relationship, especially where, as here, the parties have limited assets (see RHM Estates v [*3]Hampshire, 18 AD3d at 327; Roberts Ave. Assoc. v Sullivan, 2003 NY Slip Op 51091[U] [App Term, 1st Dept 2003]).
Although the evidence in this case indicates that occupant assisted his aunt, it was insufficient to establish occupant's succession rights to his aunt's apartment as a nontraditional family member. As the court below found in its detailed, fact-heavy decision, occupant's living arrangement with his aunt was one of convenience. Prior to moving into his aunt's apartment, occupant had been sleeping on his mother's living room couch in the apartment below. Occupant testified that he had moved in with his aunt after her husband's death and assisted her with cooking, grocery shopping, medical visits and bathing her.[FN1]
 Although the trial court did not dispute that occupant had helped his aunt, the court did not find the type of dedication and close, loving bond characteristic of a nontraditional family member. Noticeably absent from occupant's testimony is any proof that he engaged in family-type activities or that he had an emotionally committed relationship with his aunt (see Matter of Blue Star Props., Inc. v New York State Div. of Hous. & Community Renewal, 133 AD3d 461 [2015] [the occupant established succession to his late aunt's rent-controlled tenancy, where the occupant was his aunt's primary caregiver, engaged in family-type activities with her, shared household expenses with her, had intermingled finances with her, and had an "intimate" 25-year relationship with his aunt, much like that of a mother and adult child]; PACST 1244-46, 1356, LLC v Swinton, 50 Misc 3d 143[A], 2016 NY Slip Op 50214[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [upholding the trial court's finding that the tenant's great-niece qualified as a nontraditional family member, where the credible proof showed that the tenant essentially raised the occupant, with whom she had a "loving, close, mother/daughter-type relationship," which included sharing meals, shopping together, spending holidays together, caring for each other, sharing household expenses, and engaging in "most daily life activities as a family"]; Hitchcock Plaza, Inc. v Fortune, 47 Misc 3d 127[A], 2015 NY Slip Op 50373[U], *1 [upholding the trial court's "fact-laden determination" that the respondent, the tenant's niece, qualified as a nontraditional family member, where the evidence—which included testimony from six witnesses—showed that the respondent gave up her own rent stabilized apartment to care for her sick uncle, with whom she had a "close, loving relationship" akin to that of a father and daughter]).

Also absent from occupant's proof is any evidence of a financial commitment or an intermingling of finances. Although occupant claimed to have paid the utility bills and the rent, all such bills remained in the name of the tenant of record, and occupant was unable to produce any documentation supporting his claim that he had paid those bills. Indeed, rent on the apartment was always paid by money order in the tenant of record's name. Viewing the totality of the relationship between occupant and his aunt (see Braschi v Stahl Assoc. Co., 74 NY2d 201 [1989]), I conclude that the trial court's assessment of occupant's relationship with his aunt as one of "cohabitation as a matter of convenience" is based upon a fair interpretation of the evidence [*4]and I see no reason to disturb it (see Fort Wash. Holdings, LLC v Abbott, 36 Misc 3d 11 [App Term, 1st Dept 2012], affd 119 AD3d 492 [1st Dept 2014]). Since occupant was not a qualifying family member entitled to possession of the apartment, I would affirm the judgment.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 28, 2019



Footnotes

Footnote 1: At his deposition, which was admitted into evidence, occupant did not testify that he bathed his aunt, but rather that he washed his aunt's arms and neck. When asked to explain why he changed his testimony at trial, occupant stated that he did so upon further reflection.