206 West 80th Street LLC, Petitioner-Landlord-Respondent, 
against
Julianna Morgan, Respondent-Licensee-Appellant.




Respondent Julianna Morgan appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered February 6, 2019, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Anne Katz, J.), entered on February 6, 2019, affirmed, without costs.
A fair interpretation of the evidence supports the trial court's finding that respondent Julianna Morgan failed to meet her affirmative obligation to prove "emotional and financial commitment, and interdependence between [herself] and the tenant" such as would entitle her to succeed to the subject rent-stabilized apartment (Rent Stabilization Code [9 NYCRR] § 2520.6[o][2]]; see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). No documentary or other credible evidence was presented establishing that respondent and the deceased tenant held themselves out as a family unit, jointly celebrated holidays with other family members, intermingled finances or formalized legal obligations (see GSL Enters. v. Lopez, 239 AD2d 122 [1997]; Seminole Realty Co. v Greenbaum, 209 AD2d 345 [1994], appeal dismissed 85 NY2d 922 [1995]). In this regard, respondent acknowledged that they did not share bank accounts, bank cards, credit cards or loan obligations, nor was respondent a recipient of tenant's social security, a dependent on his tax returns, a beneficiary of his will, life insurance or retirement account, and respondent admitted that she did not take care of tenant's finances and did not know who did. In addition, tenant gave his sister power of attorney and appointed her as the executrix of his estate.
While respondent testified she was subsequently present for tenant "24/7" when he became ill, the court correctly noted that she was employed outside the home and "testimony revealed that [tenant's] friends helped take care of him." Giving due deference to the trial court's findings of fact and credibility (see Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]), we find no basis to disturb the determination that respondent's status was "solely as [a] roommate" without the familial and financial commitment requisite for housing succession purposes.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2020