1035 Washington Realty, LLC, Appellant,
against
Pearline Weston, Respondent, et al., Occupants. 

Rosenberg & Estis, P.C. (Alexander Lycoyannis of counsel), for appellant.
The Legal Aid Society (Clinton J. Guthrie and Stephen Myers of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), entered June 12, 2018. The final judgment, entered pursuant to a decision of that court dated September 26, 2017, after a nonjury trial, dismissed the petition in a summary proceeding brought pursuant to RPAPL 713 (7).
ORDERED that, on the court's own motion, the notice of appeal from the decision dated September 26, 2017 is deemed a premature notice of appeal from the final judgment entered June 12, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this licensee summary proceeding (see RPAPL 713 [7]) to recover possession of a rent-stabilized apartment, alleging that the tenant of record, Winston Weston, had passed away and that the tenant's sister-in-law, Pearline Weston (occupant), no longer had a license to occupy the apartment after landlord's notice to quit expired. After a nonjury trial, the Civil Court found that occupant had established that she was a nontraditional family member of the tenant of record pursuant to Rent Stabilization Code (9 NYCRR) (RSC) § 2520.6 (o) (2) and that she was entitled to succession rights. Consequently, the Civil Court entered a final judgment [*2]on June 12, 2018 dismissing the petition. We affirm.
The Civil Court's findings "should not be disturbed upon appeal unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence" (RHM Estates v Hampshire, 18 AD3d 326, 327 [2005]). Here, the Civil Court's conclusions that occupant and the tenant had formed a nontraditional family relationship and that occupant is entitled to succession rights are amply supported by the record.
Of the eight factors listed in RSC § 2520.6 (o) (2), the only two that were not established were that occupant and the tenant of record admittedly had not intermingled finances or formalized legal obligations, intentions and responsibilities. However, each of the other six factors were established: occupant and the tenant had been friends for decades and had lived together for 11 years; they had relied on each other for paying their household expenses; they had spent several holidays, family events, and religious events together; and they clearly had considered themselves to be family members, despite the passing of their connecting family member, John Weston. Moreover, after the tenant had suffered a stroke, occupant took care of many, if not all of, the tenant's basic functions, including bathing him, buying groceries, preparing meals, changing bed linens, doing the household laundry, coordinating the tenant's doctor's appointments, coordinating with the tenant's health aides, running errands for the tenant, and helping to coordinate the tenant's medications.
As set forth in RSC § 2520.6 (o) (2), no single factor is determinative in determining whether a nontraditional family relationship exists, and a deficiency in the formalization of legal and financial obligations is not dispositive (see 178 E. 70th St., LLC v Weizmann, 61 Misc 3d 147[A], 2018 NY Slip Op 51717[U] [App Term, 1st Dept 2018]). "[T]he absence of an intermingling of finances has specifically been found not to negate a conclusion that two individuals had a family-like relationship" (354 Atl. Ave., LLC v Noronha, 64 Misc 3d 134[A], 2019 NY Slip Op 51101[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see RHM Estates, 18 AD3d at 327). "Moreover, the absence of documentary evidence does not undermine a succession rights claim when the totality of the testimonial evidence . . . establishes the requisite emotional and financial commitment" (Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160, 163 [2018]). In view of the foregoing, we find no basis to disturb the Civil Court's conclusions.
Accordingly, the final judgment is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020