Kesoglides v Marine Terrace Assoc. (2021 NY Slip Op 50126(U))

[*1]

Kesoglides v Marine Terrace Assoc.

2021 NY Slip Op 50126(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-551 Q C

George Kesoglides, Appellant,
against
Marine Terrace Associates, Marine Terrace H.D.F.C., as Nominee for
Marine Terrace Preservation, L.P., etc., and Margareth Arce, Respondents.

Anna Stern, for appellant.
Marine Terrace Associates, respondent pro se (no brief filed).
Gutman, Mintz, Baker & Sonnenfeldt, P.C., (Arianna Gonzalez-Abreu and Gary Friedman,
of counsel), for respondents Marine Terrace HDFC, etc.
Queens Legal Services, (Vince Chan and Dustin Pangonis, of counsel), for respondent Margaret
Arce.

Appeal from an order of the Civil Court of the City of New York, Queens County (Clifton A.
Nembhard, J.), dated October 13, 2017. The order, in effect, dismissed the petition in a summary
proceeding brought pursuant to RPAPL 713 (10) and denied as moot petitioner's "cross motion"
to implead a party respondent and his separate motion to limit the scope of the issues for
trial.

ORDERED that the order is affirmed, without costs.
Petitioner was evicted from the subject Section 8 apartment in June of 2012 pursuant to a
final judgment of possession dated October 31, 2011. In August of 2012, the apartment was re-let
to respondent Margareth Arce. This court reversed the final judgment by decision and order dated
August 18, 2014 (Marine Terrace Assoc.
v Kesoglides, 44 Misc 3d 141[A], 2014 NY Slip Op 51303[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2014]). After petitioner's motion for restitution in the prior summary
proceeding had been denied without prejudice by the Civil Court,[FN1]
petitioner commenced this unlawful entry and detainer proceeding (see RPAPL 713 [10])
seeking to be restored to possession. After a great deal of motion practice, the Civil Court, by
order dated October 13, 2017, in effect, dismissed the petition and denied as moot two pending
motions (one of which was denominated a "cross motion") brought by petitioner.

An RPAPL 713 (10) proceeding is not the equivalent of an ejectment action and may be
maintained only when "[t]he person in possession has entered the property or remains in
possession by force or unlawful means." The record demonstrates, and petitioner does not [*2]dispute, that Arce was in possession of the apartment at the
commencement of this proceeding pursuant to a Section 8 lease which had been executed and
went into effect two months after petitioner had been evicted and two years before the final
judgment, pursuant to which petitioner had been evicted, had been reversed. In these
circumstances, "the person in possession" did not enter the property by unlawful means, nor can
it be said that she remained in possession by unlawful means at the time this proceeding was
commenced. Thus, there is no basis for this summary proceeding. 

Accordingly, the order is affirmed. 

ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 19, 2021

Footnotes

Footnote 1: We note that "[r]estitution upon
motion is discretionary" (Golde Clothes Shops, Inc. v Loew's Buffalo Theatres, Inc., 236
NY 465, 472 [1923]) and that petitioner did not appeal the Civil Court's denial of his motion for
restitution.