Fieldbridge Assoc., LLC v Sanders (2021 NY Slip Op 50128(U))

[*1]

Fieldbridge Assoc., LLC v Sanders

2021 NY Slip Op 50128(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-979 K C

Fieldbridge Associates, LLC, Appellant,
against
Larry Sanders and Mary Ann Alexander, Respondents.

Stern & Stern, Esqs. (David Lyle Stern and Pamela Smith of counsel), for appellant.
New York Legal Assistance Group (Jonathan Fox and Beth E. Goldman of counsel), for
respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Cheryl J. Gonzales, J.), entered November 8, 2017. The final judgment, after a nonjury trial,
dismissed the petition in a licensee summary proceeding.

ORDERED that the final judgment is affirmed, without costs. 
Landlord commenced this licensee proceeding (see RPAPL 713 [7]) against
occupants in 2015, seeking possession of a rent-stabilized apartment as well as an award of use
and occupancy. The rent-stabilized tenant of the apartment passed away in April 2014, occupant
Larry Sanders is his son, and occupant Mary Ann Alexander is Sanders's girlfriend and allegedly
considered the tenant to be her father-in-law. Occupants defended on the ground that they were
each, independently, entitled to succeed to the tenancy (see Rent Stabilization Code
[RSC] [9 NYCRR] § 2523.5 [b] [1]), claiming to have moved into the apartment to live
with the tenant in 2008 and primarily resided therein since that time. In a decision dated October
26, 2017, after a nonjury trial, the Civil Court, finding that Sanders and Alexander held
themselves out to be common-law husband and wife, determined that each occupant had
established succession rights to the apartment and denied landlord's request for outstanding use
and occupancy. A final judgment was subsequently entered pursuant to the court's decision.
No family member of a rent-stabilized tenant shall be evicted from the tenant's apartment if
the family member has resided with the tenant in the apartment as a primary residence for at least
two years prior to the tenant's permanent removal from the premises (see RSC
§§ 2520.6 [o]; 2523.5 [b] [1]). A family member, as defined under RSC § 2520.6
(o), includes, as relevant here, a son and any person who can prove emotional and financial
commitment and interdependence between such person and the tenant. The burden of presenting
legally sufficient proof to establish contemporaneous residency with the tenant rests with the
party claiming succession rights (see
68-74 Thompson Realty, LLC v McNally, 71 AD3d 411, 412 [2010]; Gottlieb v
Licursi, 191 AD2d 256, 257 [1993]). The traditional indicia of primary residence, including
driver's license, voter's registration, income tax returns, telephone records and bank statements,
would be competent evidence to establish a period of residency (see Lesser v Park 65 Realty
Corp., 140 AD2d 169, 174 [1988]; Pavel v Fischer, 21 Misc 3d 143[A], 2008 NY Slip Op 52452[U]
[App Term, 2d Dept, 2d & 11th Jud Dists 2008]). "While documentation, or the absence
thereof, might be a significant factor in evaluating primary residency, especially in the [*2]case of the dubious credibility of witnesses, it would not be a
dispositive factor, especially when there is a preponderance of credible personal testimony"
(300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997] [citations omitted]; see 23
Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109, 109 [2001]; Zevrone Realty Corp. v Irving, 63 Misc
3d 141[A], 2019 NY Slip Op 50587[U] [App Term, 1st Dept 2019]).
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]).
Here, the credible testimony established that Alexander had resided with the tenant in the
apartment as a primary residence for at least two years prior to the tenant's death. Her primary
residency at the apartment was supported by documentary evidence, including her driver's
license, bank account statements, cancelled checks, and correspondence from the Social Security
Administration. The record also amply supports the Civil Court's finding that Alexander met her
affirmative obligation of establishing the requisite emotional and financial commitment and
interdependence between her and the tenant for her to qualify as a nontraditional family member
of the tenant pursuant to RSC § 2520.6 (o) (2). Alexander testified that she and the tenant
had a close, loving relationship. Alexander lived with the tenant for approximately six years prior
to his death, during which time Alexander regularly ate dinner with the tenant, watched
television with him, shopped for him, accompanied him to medical appointments, celebrated
holidays with the tenant, and did most daily life activities with the tenant as a family. The two
relied upon each other for payment of household expenses, including the rent, and they
intermingled their finances. Viewed in its totality, the evidence demonstrates that Alexander
qualifies as a nontraditional family member and is entitled to succession rights (see e.g. RHM Estates v Hampshire, 18
AD3d 326, 327 [2005]; Arnie Realty Corp. v Torres, 294 AD2d 193, 193-194
[2002]; PACST 1244-46, 1356, LLC v
Swinton, 50 Misc 3d 143[A], 2016 NY Slip Op 50214[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2016]; Hitchcock
Plaza, Inc. v Fortune, 47 Misc 3d 127[A], 2015 NY Slip Op 50373[U] [App Term, 1st
Dept 2015]). 
While Sanders, the tenant's son, did not submit any customary items of documentary proof of
primary residence, the absence of such proof is not fatal to his succession claim, especially in
view of the evidence that Sanders was unemployed for a long period of time and lacked
substantial assets (see 300 E. 34th St. Co. v Habeeb, 248 AD2d at 55; Knoll v Cruz, 51 Misc 3d 146[A],
2016 NY Slip Op 50743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Furthermore, the credible testimony supports the Civil Court's finding that Alexander and
Sanders lived in the apartment together since 2008. Thus, there is no basis to disturb the Civil
Court's determination that Sanders is entitled to succession rights. 
Finally, landlord is not entitled to an award for use and occupancy since, "in a summary
proceeding, a monetary award in favor of landlord can only be made concomitant with an award
of possession" (615 Nostrand Ave.
Corp. v Roach, 15 Misc 3d 1, 2 [App Term, 2d Dept, 2d & 11th Jud Dists 2006];
see also Four Forty-One Holding Corp. v Bloom, 148 Misc 565 [App Term, 1st Dept
1933]). 
Accordingly, the final judgment is affirmed. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021