Jeremy Props., LLC v Franklin (2023 NY Slip Op 51395(U))

[*1]

Jeremy Props., LLC v Franklin

2023 NY Slip Op 51395(U)

Decided on December 8, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 8, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-235 K C

Jeremy Properties, LLC, Appellant,
against
Sheila Franklin, Also Known as Sheila Dixon, Dana Browne, "John Doe" and "Jane Doe", Respondents. 

Gutman, Mintz, Baker & Sonnenfeldt, LLP (Sean A. Zvi of counsel), for appellant.
Sheila Franklin, Also Known as Sheila Dixon, respondent pro se (no brief filed).
Brooklyn Legal Services Corp. A, for respondent Dana Browne (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Julie Poley, J.), entered January 18, 2023. The final judgment, after a nonjury trial, dismissed the petition in a licensee summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this licensee proceeding (see RPAPL 713 [7]) to recover possession of a rent-stabilized apartment, alleging that the tenant of record had passed away and that occupant, tenant's niece, no longer had a license to occupy the apartment. After a nonjury trial, the Civil Court (Heela D. Capell, J.) found that occupant had established that she was a nontraditional family member of the tenant of record pursuant to Rent Stabilization Code (9 NYCRR) (RSC) § 2520.6 (o) (2) and that she was entitled to succession rights. Consequently, the Civil Court (Julie Poley, J.) entered a final judgment dismissing the petition.
Regarding the Civil Court's finding that occupant met the criteria for nontraditional family member, this court gives substantial deference to the determination of a trier of fact as to issues of credibility, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Of the eight factors listed in RSC § 2520.6 (o) (2) for determining whether a nontraditional family relationship exists, occupant demonstrated six. Occupant and the tenant of record admittedly had not intermingled finances or formalized legal obligations, intentions and responsibilities. However, as set forth in RSC § 2520.6 (o) (2), no single factor is determinative in determining whether a nontraditional family relationship exists, and a lack of formalization of [*2]legal and financial obligations is not dispositive (see 178 E. 70th St., LLC v Weizmann, 61 Misc 3d 147[A], 2018 NY Slip Op 51717[U] [App Term, 1st Dept 2018]). Indeed, "the absence of an intermingling of finances has specifically been found not to negate a conclusion that two individuals had a family-like relationship" (354 Atl. Ave., LLC v Noronha, 64 Misc 3d 134[A], 2019 NY Slip Op 51101[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see RHM Estates v Hampshire, 18 AD3d 326, 327 [2005]). Here, the Civil Court's conclusion that occupant and the tenant had formed a nontraditional family was amply supported by the record, and as such, we find no basis to disturb the Civil Court's conclusions.
As to RSC § 2523.5 (b) (1)'s co-residency requirement,[FN1]
occupant established that she and tenant co-resided at the premises for several years immediately prior to the tenant of record's departure from the premises in 2017 to live with her son who provided for her care (see Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d 41, 46-47 [2018]; 1035 Wash. Realty, LLC v Weston, 67 Misc 3d 138[A], 2020 NY Slip Op 50629[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Thus, the trial court correctly determined that occupant met the criteria for succession rights to the apartment.

Accordingly, the final judgment is affirmed.

BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 8, 2023

Footnotes

Footnote 1:We note that, while the usual co-residency period to establish succession rights is two years (see RSC § 2523.5 [b] [1]), here the period was one year, as it is uncontested that the tenant qualified as a "senior citizen" during the relevant time period (see id., RSC § 2520.6 [p]).